■ In the Matter of the Claim of Robin Sanginario, Respondent, v County of Monroe Pure Waters Division, Respondent. Paul Choi, Intervenor-Appellant. Workers' Compensation Board, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 15, 1980, as amended by decisions filed July 17, 1980 and June 23, 1981, which denied payment of fees to intervenor-appellant for medical treatment provided to claimant. On Sep-

---

tember 6, 1978, claimant sustained a compensable injury to his right arm and shoulder and received treatment on September 6, 1978 and September 12, 1978 at the Joseph C. Wilson Health Center in Rochester, New York. On each occasion, the examination, diagnosis and treatment were performed by a physician's assistant employed by the center. The intervenor, an orthopedic specialist associated with a medical group at the center, examined claimant for the first time on November 9, 1978. On this occasion, claimant had returned to work and was found to be symptom free and without any disability. Although the board awarded compensation benefits to claimant for disability from September 7, 1978 to September 20, 1978, it refused to pay medical bills submitted by Dr. Choi on the grounds that the medical services were performed by a physician's assistant. The practice of physicians and a limited number of other medical personnel is specifically authorized and regulated by the provisions of the Workers' Compensation Law (Workers' Compensation Law, §§ 13-a — 13-j). Included in these provisions is the requirement that no person may treat workers' compensation claimants unless authorized by the chairman (Workers' Compensation Law, § 13-b, subd 1). There is no provision in the statutory scheme for the unsupervised treatment of a claimant by a physician's assistant. In addition, there is nothing contained in this record defining the extent of any specialized training or qualification for the particular services performed by a physician's assistant. Moreover, since we are concerned only with the requirements of the Workers' Compensation Law, a license obtained by such person pursuant to provisions of the Education Law has no relevance. The history, purpose and intent of this legislative enactment is set forth in *Szold v Outlet Embroidery Supply Co.* (274 NY 271). Furthermore, there is more than substantial evidence to support the board's finding that the physician's assistant in question was not under the supervision of an authorized physician while treating the claimant (Workers' Compensation Law, § 13-b, subd 1, par [c]). Accordingly, the decision must be affirmed. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.