◼ EARNEST K. RAGIN, as Receiver of Woodland Nursing Home, Appellant, v BLANCHE ALTMAN et al., Respondents. [613 NYS2d 646] —In an action to recover damages for breach of contract, for an account stated, and to recover damages in quantum meruit, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated August 18, 1992, as, in effect, granted the defendants' motion to stay the action pending the outcome of a proceeding

to determine a claim for Workers' Compensation benefits filed by the defendant, Blanche Altman.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion to stay the action is denied.

The defendant, Blanche Altman (now deceased), was admitted to the Woodland Nursing Home (hereinafter Woodland) on or about October 26, 1989. Pursuant to the terms of a written admission agreement, Mrs. Altman and her next of kin, or sponsor, became responsible for payment of all expenses incurred during her stay at Woodland. The agreement was executed on behalf of Mrs. Altman by her son, Stephen Altman, acting pursuant to a general power of attorney.

In or about April 1990 Stephen Altman advised Woodland's controller that he had filed a claim for Workers' Compensation benefits on behalf of his mother. He requested that Woodland's bills be "recomputed" at the Workers' Compensation rate and submitted for payment directly to Mrs. Altman's employer. Woodland rejected the request on the ground that it did not have any agreement with the Workers' Compensation Board and was not authorized to provide medical care or treatment to compensation claimants. Woodland took the position that Mrs. Altman remained personally responsible for payment of its bills.

In or about May 1992 the plaintiff, Woodland's duly appointed receiver, commenced the instant action seeking to recover damages, *inter alia,* for nursing care services provided to Mrs. Altman after October 1, 1991. The defendants moved for dismissal on various grounds not relevant to the subject appeal. They also sought dismissal and a stay of the action on the ground that the Supreme Court did not have jurisdiction to decide the question of whether the employer rather than Mrs. Altman is obligated to pay Woodland's bills.

The Supreme Court concluded that the determination of whether the charges sued for by the plaintiff fell within the coverage of the Workers' Compensation Law must await the outcome of the Workers' Compensation proceeding.

The status of Mrs. Altman's claim before the Workers' Compensation Board has no bearing on the plaintiff's right to seek recovery for services Woodland allegedly provided pursuant to the written admission agreement. Contrary to the defendants' contention, Woodland was not required by Workers' Compensation Law § 13 to submit its bills or seek payment directly from Mrs. Altman's employer. Under the cir-

cumstances presented here, the employer cannot be held liable for the obligations assumed by Mrs. Altman pursuant to the terms of the admission agreement *(see, Matter of Koch v Lehigh Val. R. R. Co.,* 217 App Div 280, *affd* 244 NY 578). Moreover, the plaintiff established that Woodland is not authorized to render medical care to a compensation claimant *(see,* Workers' Compensation Law § 13-b [1]), and would be precluded from seeking payment under the Workers' Compensation Law *(see, Matter of Sanginaro v County of Monroe Pure Waters Div.,* 84 AD2d 591).

The defendants can be reimbursed for any approved nursing care expenses they have incurred should they be successful in the Workers' Compensation proceeding *(see, Matter of Mamone v Griege,* 74 AD2d 656). However, the plaintiff is entitled to pursue the claim for services Woodland allegedly provided under the written agreement irrespective of the outcome of the Workers' Compensation proceeding, and no stay of the instant action is warranted. Sullivan, J. P., Balletta, Joy and Friedmann, JJ., concur.