[652 NYS2d 419]

In the Matter of JAMAICA NEIGHBORHOOD BASED ALLIANCE COALITION, INC., et al., Appellants, v DEPARTMENT OF SOCIAL SERVICES OF THE STATE OF NEW YORK et al., Respondents.

Third Department, January 16, 1997

## APPEARANCES OF COUNSEL

*Milbank, Tweed, Hadley & McCloy,* New York City *(John G. Gellene* of counsel), and *David Weschler,* New York City, for appellants.

*Dennis C. Vacco, Attorney-General,* Albany *(Frank K. Walsh* of counsel), for respondents.

## OPINION OF THE COURT

YESAWICH JR., J.

Petitioners are not-for-profit corporations, each of which was originally notified in November 1994 that it had been selected from a field of some 200 applicants to receive a monetary grant for the establishment of a family preservation center (hereinafter FPC) *(see,* L 1994, ch 170, § 473). Because the amount that was to be awarded in each instance was significantly less than the sum requested, each petitioner was required to, and did, file a new proposal indicating how it intended to provide a full range of FPC services, in view of the smaller grant. Ultimately, in October 1995, after respondents had sought and received much additional information from petitioners with regard to their revised project proposals, each petitioner was informed that its grant had been rescinded due to its failure to tender "an application package * * * which complied with the [FPC] statutory funding requirements".

Subsequently, petitioners commenced this CPLR article 78 proceeding challenging the rescission of their grants as arbitrary and capricious, and seeking an order annulling those determinations and directing respondent to "proceed forthwith to complete contract negotiations * * * as required by the Prompt Contracting Law" *(see,* State Finance Law art XI-B). After considering lengthy documentary submissions, briefs and oral argument, Supreme Court dismissed the petition and this appeal followed.

▉ Petitioners' principal argument is that respondents' decisions to rescind the grants must be considered arbitrary and capricious because respondents violated the time limits set forth in the Prompt Contracting Law *(see,* State Finance Law § 179-s). As petitioners note, however, the Prompt Contracting Law "simply mandate[s] that DSS must exercise its discretion [in selecting grant recipients and completing the contracting process] within a finite period of time". Although the statute provides for judicial review of agency compliance with its requirements *(see,* State Finance Law § 179-cc), thus indicating that some remedy is available for a violation thereof, that merely begs the question of what that remedy is, and under what circumstances it may be conferred. A review of the statute as a whole, including its legislatively expressed purpose, leads us to conclude that it does not entitle petitioners to the type of relief they seek; hence, we affirm.

The clear language of the legislation enacting the Prompt Contracting Law demonstrates both the chief problems that law was designed to alleviate—namely, the interruption of services, and the financial hardship suffered by organizations that provide such services without contemporaneous payment therefor, due to delay in the execution of formal contracts *(see,* L 1991, ch 166, § 401)—and the nature of the remedies intended to redress that wrong—the payment of interest when contractual payments are late *(see,* State Finance Law § 179-v) and the provision of short-term loans pending contract approval *(see,* State Finance Law § 179-z). Thus, one purpose of State Finance Law § 179-cc is to permit an aggrieved party to utilize the mechanism of an article 78 proceeding to compel the payment of interest, or the furnishing of a loan, for which it is eligible. Where, however, as here, no contract has been executed, no written directive obtained and no services furnished by the not-for-profit organization, State Finance Law §§ 179-v and 179-z do not afford any grounds for relief *(cf.,* State Finance Law § 179-v [6]).

These remedies are not the only means by which an aggrieved party may benefit from the statute, for when an agency engages in protracted delay during the contracting process, the affected organization can seek judicial relief in the nature of mandamus, compelling the agency to complete that process, and exercise the discretion with which it is invested, post haste (cf., *Klostermann v Cuomo*, 61 NY2d 525, 540; *Matter of Utica Cheese v Barber*, 49 NY2d 1028, 1030; *Matter of Stuart & Stuart v New York State Liq. Auth.*, 29 AD2d 176, 177). But once that has occurred (as it has here, albeit with an unfavorable result for petitioners), no further relief is called for since nothing more can be done to affect the timeliness of the agency's action.

That the remedy petitioners seek was not contemplated by the Legislature in connection with the Prompt Contracting Law is further illustrated by the fact that petitioners' complaints, reduced to their essence, are not directed to the harm that law was intended to eliminate—i.e., respondents' delay in making a decision—but to the very nature of the decision that was eventually made. Had that decision been favorable, petitioners would undoubtedly not be seeking judicial relief. Accordingly, their attempt to obtain annulment by invoking the requirements of the Prompt Contracting Law (which is, in actuality, a creative attempt to circumvent the deferential standard of review ordinarily applied to agency decisions pursuant to CPLR 7803 [3]), must be rejected.

The remainder of petitioner's contentions merit little discussion. For the same reasons as are cogently set forth by Supreme Court, we find that petitioners did not have a constitutionally protected property interest in the grant awards and that respondents have demonstrated ample rational basis for their decisions to rescind those awards. Nor do we concur with petitioners' assertion that the affidavits proffered by respondents in opposition to the petition consist entirely of hearsay, and therefore have no evidentiary value. Those affidavits, which are stated to have been based, *inter alia*, on the personal knowledge of the affiants, reflect sufficient involvement of those parties in the decision-making process to constitute sound evidentiary proof with respect to the matters addressed therein.

MIKOLL, J. P., PETERS and SPAIN, JJ., concur.

Ordered that the judgment is affirmed, without costs.