■ In the Matter of the Claim of DONNA L. EVEVSKY, Appellant, v LIBERTY MUTUAL GROUP et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [783 NYS2d 96]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed May 27, 2003, which, inter alia, ruled that claimant was not authorized to receive medical treatment from a massage therapist.

Claimant was awarded workers' compensation benefits for a permanent partial disability after sustaining injuries to her neck and shoulder in a work-related accident in 1993. Claimant's case was closed in 1995, but was reopened in 2001 following, among other things, an objection by the employer's workers' compensation carrier to claimant's request for authorization of treatment by a licensed massage therapist. The Workers' Compensation Law Judge determined that the treatment was not authorized by Workers' Compensation Law § 13-b and the Workers' Compensation Board affirmed, prompting this appeal.

2. Petitioner shares living expenses with another who earns approximately $24,000 per year.

Workers' Compensation Law § 13-b prohibits medical providers from rendering care and treatment to recipients of workers' compensation benefits unless the providers are expressly authorized by the Board, or subject to one of the statutory exceptions listed thereunder. Here, it is undisputed that claimant's treating massage therapist was not so authorized. Furthermore, the therapist did not perform the treatment under the active and personal supervision of an authorized physician or under other circumstances that would warrant a finding that massage therapy is explicitly or impliedly authorized by the statute (*see* Workers' Compensation Law § 13-b [1]; *Matter of Sanginario v County of Monroe Pure Waters Div.*, 84 AD2d 591, 592 [1981]; *see also Matter of Smith v Tompkins County Courthouse*, 60 NY2d 939 [1983]). Accordingly, we find no basis to disturb the Board's decision.

Claimant's remaining arguments, including her assertion that the statute is unconstitutional (*see Szold v Outlet Embroidery Supply Co.*, 274 NY 271, 276-278 [1937]), have been considered and found to be without merit.

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.