■ In the Matter of ALBERT P. GALLO, Respondent-Appellant, v STATE OF NEW YORK, OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, Appellant-Respondent. [830 NYS2d 796]—

Mugglin, J. Cross appeals from a judgment of the Supreme Court (Teresi, J.), entered February 6, 2006 in Albany County, which, inter alia, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's application for employment.

Petitioner's application for employment as a bus driver for Schenectady County Chapter NYSARC, Inc. (hereinafter Schenectady ARC) was denied by respondent on the basis that his 1988 conviction for assault in the second degree involves an unreasonable risk to the safety or welfare of consumers served by Schenectady ARC (*see* Correction Law § 752 [2]). Petitioner commenced this CPLR article 78 proceeding seeking to have this determination annulled and counsel fees. Supreme Court, finding the record to be insufficiently developed, annulled the determination, directed respondent to approve Schenectady ARC's employment of petitioner and denied petitioner counsel fees. The parties cross-appeal, respondent from that part of the judgment annulling its determination and directing it to approve the employment of petitioner, and petitioner from the denial of counsel fees.

Respondent is required by statute to obtain criminal background checks for employees of voluntary corporations such as Schenectady ARC (*see* Mental Hygiene Law §§ 16.33, 31.35; Executive Law § 845-b). Counsel for respondent, complying with the statutes, requested criminal history information about petitioner from the Division of Criminal Justice Services. That information revealed an assault in the second degree conviction in 1988. Petitioner was notified that his application for employment could potentially be denied and he was advised to submit any answering documentation. Subsequent to his letter of explanation and reference letters being received, counsel for respondent, nevertheless, determined to "DENY the application on the grounds that you were convicted of a crime or crimes and that this determination was made consistent with the provisions of [Correction Law article 23-A]."

Correction Law § 753, which is part of article 23-A, contains eight factors which a public agency shall consider in making a determination pursuant to Correction Law § 752 concerning licensure or employment of any individual with a criminal conviction. When all eight factors are considered and the positive factors are balanced against the negative factors, the resulting decision is neither arbitrary nor capricious nor does it constitute an abuse of discretion and reviewing courts may not reweigh the factors and substitute their judgment for that of the agency (*see Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361 [1999]). Here, in answering the petition, counsel for respondent submitted an affidavit to which is attached a checklist that counsel claims mirrors the statutory factors and was used in making this determination. Notably, however, the first statutory factor—that it is "[t]he public policy

of this state, as expressed in this act, to encourage the licensure and employment of persons previously convicted of one or more criminal offenses'' (Correction Law § 753 [1] [a])—nowhere appears on the checklist. In addition, Correction Law § 753 (2) creates a presumption of rehabilitation for an applicant who has obtained either a certificate of relief from disabilities or a certificate of good conduct. This record contains information that, following his assault in the second degree conviction, petitioner was only sentenced to probation from which he received an early discharge—an indication of rehabilitation. Because these factors were not considered, the determination was arbitrary and we remit this matter to respondent for consideration of the public policy issue and for a determination of whether a certificate of relief from disabilities or good conduct or the equivalent evidence would benefit this applicant.

As a final matter, we disagree with petitioner that denial of counsel fees was premature. The application was made pursuant to CPLR 8601. Respondent's position herein may ultimately prove to be correct and, in any event, it was substantially justified.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as directed respondent to approve petitioner's employment with Schenectady County Chapter NYSARC, Inc.; matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.