In the Matter of the Claim of HEATHER D. VAN DAM, Appellant, v NEW PALTZ CENTRAL SCHOOL DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [848 NYS2d 424]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed September 26, 2006, which denied claimant's application for workers' compensation benefits.

In order to establish that her illnesses were causally related to her work as a teacher for the New Paltz Central School District, claimant offered the testimony and related documents of her physician, a licensed and board-certified internist. The Workers' Compensation Law Judge concluded that this evidence could not be considered since claimant's physician was not authorized to render medical care under the Workers' Compensa-

tion Law and, thereafter, denied her claim. The decision of the Workers' Compensation Law Judge was affirmed by the Workers' Compensation Board and claimant now appeals.

We reverse. Workers' Compensation Law § 13-b (1) provides that "no person shall render medical care or conduct independent medical examinations under [the Workers' Compensation Law] without [the] authorization [of] the chair." The clear legislative purpose of this provision is to insure the quality of the medical care and treatment rendered to injured claimants by limiting payment for such medical care and treatment to lawfully qualified persons under the Workers' Compensation Law (*see Szold v Outlet Embroidery Supply Co.*, 274 NY 271, 276-277 [1937], *appeal dismissed* 303 US 623 [1938]). However, the provision does not proscribe evidence from physicians who are not authorized to receive payment for treatment rendered to injured claimants since to do so would impermissively influence the selection of the physician by a workers' compensation claimant (*see* Workers' Compensation Law § 13-a [6]) and would be contrary to the economic and humanitarian objectives of the Workers' Compensation Law (*see Matter of Bowman v J & J Log & Lbr. Corp.*, 305 AD2d 888, 889 [2003]; *Matter of Selleck v Lane Constr. Corp.*, 96 AD2d 614, 615 [1983]). The statute is not intended to compel the selection of a physician authorized by the Board, particularly where, as here, in an attempt to determine the cause and suitable treatment of her illnesses, claimant selected a physician without regard to the establishment of her claim. In short, the statute at issue prevents payment to unregistered physicians. It does not erect an evidentiary barrier to exclude the testimony and records of such a physician. Accordingly, since the Board's decision is affected by an error of law, we are compelled to reverse it.

Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.