Cardona, EJ.
Appeal from a decision of the Workers’ Compensation Board, filed May 22, 2007, which, among other things, ruled that claimant had not established a prima facie claim for workers’ compensation benefits due to consequential depression.
Claimant established a work-related injury to her neck and left arm and received workers’ compensation benefits for lost time from December 15, 2003 to December 22, 2003 when she returned to work. On January 5, 2004, claimant’s employment was terminated and, thereafter, issues of further causally related disability, consequential depression and claimant’s withdrawal from the labor market were raised. Following hearings, a Workers’ Compensation Law Judge determined that claimant’s termination was due to reasons unrelated to her disability, she failed to present a prima facie claim for consequential depression because her treatment with a psychologist was not based upon a referral from an authorized physician pursuant to Workers’ Compensation Law § 13-m (2) (a), and her loss of earnings subsequent to January 5, 2004 was not the result of a work-related disability. The Workers’ Compensation Board affirmed and claimant now appeals.
Claimant contends that it was error to reject the medical reports and hearing testimony of psychologist Eugene Zanger supporting her claim for consequential depression and loss of earnings because she was self-referred. Workers’ Compensation Law § 13-m (2) (a) provides that an injured employee “may lawfully be treated, upon the referral of an authorized physician, by a psychologist, duly registered and licensed by the State of New York, authorized by the chairman to render psychological care pursuant to this section.” The provisions of this statute were designed to control the quality of psychological care and treatment rendered to an injured claimant, as well as the fees paid to such registered psychologist (see generally Szold v Outlet Embroidery Supply Co., 274 NY 271 [1937], appeal dismissed 303 US 623 [1938]; Matter of Van Dam v New Paltz Cent. School Dist., 46 AD3d 1194, 1195 [2007]). The statute does not, despite the absence of a referral from an authorized physician, create an evidentiary barrier to exclude the testimony and records of a psychologist in establishing a work-related or consequential injury (see Matter of Van Dam v New Paltz Cent. School Dist., 46 AD3d at 1195). Accordingly, it was error to not accept the evidence presented by claimant in connection with her claims for consequential depression and withdrawal from the labor market based upon the lack of a referral from an authorized physician.
*1006 Mercure, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as excluded claimant’s evidence of consequential depression; matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.