■ In the Matter of MICHELLE RENZI, Respondent, v CASE MANAGEMENT CONCEPTS, Respondent, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [890 NYS2d 724]—

Peters, J.

Claimant sustained a compensable injury in 1998. In 2006, the claim became the liability of the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. In 2008, a licensed massage therapist began submitting requests for payment for massage therapy performed on claimant that had allegedly been prescribed by claimant's treating physician. The Special Fund objected, contending that licensed massage

therapists are not authorized providers under the Workers' Compensation Law. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that massage therapy was compensable, provided that the therapy was performed by a licensed massage therapist under the personal supervision of a physician. The WCLJ held the claims for payment in abeyance, with claimant instructed to provide the Special Fund with copies of her treating physician's prescriptions for the massage therapy, and the Special Fund was instructed to thereafter pay any disputed bills covered by the prescriptions. On appeal, the Workers' Compensation Board affirmed in an amended decision, prompting this appeal.

Initially, we reject the Board's contention that their decision here was interlocutory and, therefore, not appealable, as the decision directing that the Special Fund pay any disputed bill that corresponds to massage therapy rendered pursuant to a prescription "reache[d] a potentially dispositive threshold legal issue" (*Matter of Monzon v Sam Bernardi Constr., Inc.*, 47 AD3d 977, 978 [2008]). Moreover, although the Board found in favor of the Special Fund in holding the payments in abeyance, as the Special Fund was directed to pay for the treatment upon the submission to it of a physician prescription, it may appeal as an aggrieved party as it was not granted the relief sought (*cf. Matter of Baker v Horace Nye Home*, 63 AD3d 1415, 1415 [2009]).

Turning to the merits, "Workers' Compensation Law § 13-b prohibits medical providers from rendering care and treatment to recipients of workers' compensation benefits unless the providers are expressly authorized by the Board, or subject to one of the statutory exceptions listed thereunder" (*Matter of Evevsky v Liberty Mut. Group*, 11 AD3d 778, 779 [2004]). As relevant here, the statutory exceptions include that, while "[u]nder the active and personal supervision of an authorized physician[,] medical care may be rendered by a registered nurse or other person trained in laboratory or diagnostic techniques within the scope of such person's specialized training and qualifications" (Workers' Compensation Law § 13-b [1] [c]). Additionally, "[u]pon the referral which may be directive as to treatment of an authorized physician[,] physical therapy care may be rendered by a duly licensed physical therapist" (Workers' Compensation Law § 13-b [1] [d]) and "[u]pon the prescription or referral of an authorized physician[,] occupational therapy care may be rendered by a duly authorized occupational therapist" (Workers' Compensation Law § 13-b [1] [e]).

Here, it is undisputed that the massage therapist was not authorized by the Board to render medical care to claimant. More-

over, there is no evidence in the record supporting a finding that one of the statutory exceptions is applicable. There is no proof that the massage therapist was either a registered nurse or other person trained in laboratory or diagnostic techniques and there is no evidence that the massage therapist was either a duly trained physical therapist rendering physical therapy or a duly authorized occupational therapist rendering occupational therapy, regardless of whether the massage therapy was prescribed by an authorized physician (*see Matter of Evevsky v Liberty Mut. Group*, 11 AD3d at 779). Accordingly, we conclude that there is insufficient evidence to support the Board's determination that the Special Fund is liable for any massage therapy rendered under the supervision of claimant's physician or pursuant to the physician's authorization or prescription. For that reason, the Board's decision must be reversed and the matter remitted to the Board.

Parenthetically, we note that the Board has subsequently rendered a decision under similar facts that found that a carrier is not liable for payment for massage therapy provided by a duly licensed massage therapist where, as here, there was no evidence in the record that the therapy was rendered by a registered nurse or persons trained in laboratory or diagnostic techniques or that the care provider was a duly licensed physical therapist, notwithstanding supervision of the treatment by a physician (*see Matter of Nassau BOCES*, 2009 WL 2598377, *2-3, 2009 NY Wrk Comp LEXIS 12620, *5-6 [WCB 2070 2864, Aug. 12, 2009]).

Mercure, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the amended decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.