In the Matter of KENNETH LAMAR BOATMAN, Respondent, v NEW YORK STATE DEPARTMENT OF EDUCATION et al., Appellants. [900 NYS2d 174]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (McGrath, J.), entered March 3, 2009 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Department of Education denying petitioner clearance for employment.

In August 2007, petitioner was temporarily hired by the City of Syracuse School District as a custodian. Thereafter, petitioner sought a permanent custodial position at the district's Clary Middle School. Petitioner's permanent employment was contingent upon a criminal background check and receipt of clearance from respondent Department of Education (*see* L 2000, ch 180 [eff July 1, 2001]; *see also* Education Law § 1604

---

[39]; § 1709 [39]; § 1804 [9]; § 2503 [18]; § 3035 [1]). Petitioner's subsequent criminal background check revealed a 1989 felony conviction for dangerous drugs in Georgia and two New York convictions, one for criminal possession of a controlled substance in the seventh degree in 1993 and one for criminal mischief in 1997.

In December 2007, based on the contention that granting clearance would involve an unreasonable safety risk, the Department forwarded petitioner a notice of its intent to deny clearance for employment unless petitioner provided a response with satisfactory information indicating why clearance should be granted. Petitioner did not respond to the Department's notice and, in March 2008, the Department denied him clearance for employment. Upon petitioner's appeal, this determination was administratively upheld on the basis that his employment would "involve an unreasonable risk to the safety and welfare of the students and staff of the District." Petitioner then commenced this CPLR article 78 proceeding, contending that the Department's determination was arbitrary and capricious. Finding that the record was insufficient regarding the particulars of petitioner's convictions and that respondents failed to apply the appropriate statutory factors, Supreme Court granted the petition and remitted the matter to the Department for further proceedings. Respondents now appeal.

Judicial review of the administrative decision denying petitioner clearance for employment is limited to whether the decision is arbitrary and capricious (*see Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361, 363 [1999]). If a court finds that the determination is supported by a rational basis, it "may not substitute its judgment for that of the board or body it reviews," but must sustain the determination (*id.* at 363; *see Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *Matter of Gallo v State of N.Y., Off. of Mental Retardation & Dev. Disabilities*, 37 AD3d 984, 985 [2007]). In rendering a determination to either grant or deny clearance for employment, the Department must apply the standards and factors for the granting or denial of a license or employment application set forth in Correction Law §§ 752 and 753 (*see* Education Law § 3035 [3] [a]; 8 NYCRR 87.5 [a] [4] [i]; [5] [v]).

Correction Law § 752 bars the denial of a license or employment application based solely upon an applicant's criminal record unless there is "a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought" (Correction Law § 752 [1]), or where granting the license or employment application would "involve an

unreasonable risk to property or to the safety or welfare of specific individuals or the general public" (Correction Law § 752 [2]; *see Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d at 364). In making a determination pursuant to Correction Law § 752, the public agency must consider the eight enumerated factors set forth in Correction Law § 753 (1), together with any "certificate of relief from disabilities or a certificate of good conduct issued to the applicant, which certificate shall create a presumption of rehabilitation in regard to the offense or offenses specified therein" (Correction Law § 753 [2]; *see Matter of Gallo v State of N.Y., Off. of Mental Retardation & Dev. Disabilities*, 37 AD3d at 985). "When all eight factors are considered and the positive factors are balanced against the negative factors, the resulting decision is neither arbitrary nor capricious nor does it constitute an abuse of discretion and reviewing courts may not reweigh the factors and substitute their judgment for that of the agency" (*Matter of Gallo v State of N.Y., Off. of Mental Retardation & Dev. Disabilities*, 37 AD3d at 985 [citation omitted]).

Here, we find a rational basis for the Department's determination to deny clearance. The Department addressed and weighed the appropriate statutory factors set forth in Correction Law § 753. While recognizing the policy considerations of Correction Law article 23-A (*see Matter of Bonacorsa v Van Lindt*, 71 NY2d 605, 611 [1988]), the Department considered that petitioner was an adult at the time of each conviction, petitioner's history revealed two drug convictions, one of which was a felony, and the most recent conviction was within the last 10 years. The Department recognized the legitimate interest in protecting the safety and welfare of children attending school and found that petitioner's criminal history is relevant to the position he seeks since, as a custodian, he may have direct and frequent contact with school children and staff. Other than the certificate of relief from disabilities from the 1993 conviction, petitioner failed to submit any information regarding his prior convictions, the underlying circumstances or evidence of rehabilitation.

While Supreme Court faults the Department for failing to compile a sufficient record with specific information regarding each of the underlying crimes, it was petitioner's burden to establish that clearance should be granted (*see* 8 NYCRR 87.5 [a] [4] [v]; [5] [iii], [v]). Petitioner failed to respond to the Department's notice of intent to deny clearance and, as a result, denial of clearance was mandated (*see* 8 NYCRR 87.5 [a] [4] [v], [vii]). We also find that the Department properly weighed

petitioner's certificate of relief from disabilities with respect to the 1993 conviction (*see Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d at 365). Supreme Court's belief that the certificate should have been given more weight does not render the Department's determination irrational (*see Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d at 367). Accordingly, as the Department's determination has a rational basis, Supreme Court's judgment is reversed and the petition is dismissed.

We have reviewed petitioner's remaining contentions and find them to be without merit.

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.