In the Matter of JASON FIGEL, Appellant, v PAUL F. DWYER, as Town Justice of the Town of Bethlehem, Respondent. [907 NYS2d 75]—

Spain, J. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered April 6, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for a certificate of relief from disabilities.

By notice of motion, petitioner, the owner of a retail business in Brooklyn, applied to respondent for a certificate of relief from disabilities (hereinafter CRD) (*see* Correction Law § 702) in connection with a 1994 conviction in the Town Court of the Town of Bethlehem, upon his guilty plea to criminal possession of a weapon in the fourth degree, a class A misdemeanor. This conviction is a "serious offense" for purposes of eligibility requirements for licenses to carry firearms (*see* Penal Law § 400.00 [1] [c]; § 265.00 [17]). According to petitioner, the application for a CRD was made as part of his pending application for a concealed handgun license to the New York City police department (*see* Penal Law § 400.00), which was granted with limitations on administrative appeal, but contingent upon petitioner's acquisition of a CRD.[1]

Respondent denied petitioner's application for a CRD in a letter decision dated April 24, 2008, which stated only, "In consideration of all of the facts, and argument by counsel for the defense and prosecution, the [c]ourt has determined to deny the . . . petition for a [CRD]." Petitioner commenced this CPLR article 78 proceeding challenging respondent's decision as irrational and arbitrary and capricious. Supreme Court, in a written decision, dismissed the petition, finding a rational basis in the record for the determination.

On petitioner's appeal, we reverse, annul respondent's determination denying the CRD and remit for reconsideration of the application. Pursuant to Correction Law § 702, a "court of this state may, in its discretion, issue a [CRD] to an eligible offender for a conviction that occurred in such court," where, as here, no term of imprisonment was imposed (Correction Law § 702 [1]; *see* Correction Law § 701). The CRD may be issued at sentencing or "at any time thereafter, in which case it shall apply only

---

1. Petitioner's application for a handgun license and the police department's decision are not included in the record on appeal.

to disabilities" (Correction Law § 702 [1] [i], [ii]). Issuance of a CRD is authorized only after the court considers the enumerated statutory factors and is satisfied that the applicant is an "eligible offender,"[2] that "[t]he relief to be granted by the certificate is consistent with the rehabilitation of the eligible offender," and that the granting of the certificate "is consistent with the public interest" (Correction Law § 702 [2]).

Where, as here, petitioner challenges an administrative determination made where a hearing is not required, appellate review is limited to whether the determination lacks a rational basis and is, thus, arbitrary and capricious (*see Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361, 363 [1999]).[3] In rendering a determination to either grant (in whole or in part) or deny petitioner's application for a CRD, respondent is required to consider and apply the statutorily enumerated factors set forth in Correction Law § 702 (2) (*see Matter of Boatman v New York State Dept. of Educ.*, 72 AD3d 1467, 1469 [2010]; *Matter of Gallo v State of N.Y., Off. of Mental Retardation & Dev. Disabilities*, 37 AD3d 984, 985-986 [2007]; *see also Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d at 364-365). The absence in respondent's cursory letter decision of any mention of the statutory factors or the grounds for the denial precludes meaningful review of the rationality of the decision.

To the extent that respondent submits, for the first time in its opposition to the CPLR article 78 petition, a rationale for the decision, it may not be considered given the restraint on judicial power of review here. Notably, "[a] fundamental principle of administrative law long accepted . . . limits judicial

---

**2.** An eligible offender is a person convicted of a crime or offense but not more than one felony (*see* Correction Law § 700 [1] [a]). The record before us reflects only the 1994 misdemeanor conviction.

**3.** We note that the parties have not addressed the issue of whether a CPLR article 78 special proceeding in the nature of mandamus to review (*see* CPLR 7803 [3]) is an appropriate vehicle for obtaining review of a court's denial of a CRD, as opposed to taking a direct appeal in the criminal matter. Correction Law article 23 does not specify the manner of review (*compare* Correction Law § 755 [1] [providing for article 78 review of public agency decisions to deny employment or licenses under Correction Law article 23-A]). It has been recognized that courts may act in an administrative capacity (*see* CPLR 7802 [a]) and "the Legislature is not prohibited by the separation of powers doctrine from conferring on the judicial branch administrative functions . . . that are reasonably incidental to the performance of judicial duties" (*Pringle v Wolfe*, 88 NY2d 426, 434 n 3 [1996] [internal quotation marks and citation omitted], *cert denied* 519 US 1009 [1996]; *see e.g. Matter of Schmitt v Skovira*, 53 AD3d 918, 919-920 [2008]). Thus, we cannot say that article 78 review is improper here.

review of an administrative determination solely to the grounds invoked by the [respondent], and if those grounds are insufficient or improper, the court is powerless to sanction the determination by substituting what it deems a more appropriate or proper basis" (*Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d 588, 593 [1982]). Consequently, neither Supreme Court nor this Court may search the record for a rational basis to support respondent's determination, or substitute its judgment for that of respondent in applying and weighing the enumerated discretionary statutory factors, in the first instance.

Given the foregoing, we cannot conclude that a rational basis exists for respondent's decision, which must be annulled and the matter remitted for reconsideration of petitioner's application for a CRD (*see Matter of Gallo v State of N.Y., Off. of Mental Retardation & Dev. Disabilities*, 37 AD3d at 986). We express no opinion on the merits of petitioner's application.

Mercure, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination annulled and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

