■ In the Matter of OFFICE BUILDING ASSOCIATES, LLC, Respondent Appellant, v EMPIRE ZONE DESIGNATION BOARD et al., Appellants. [943 NYS2d 668]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered February 16, 2011 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Empire Zone Designation Board revoking petitioner's certification as an empire zone business enterprise.

The underlying statutory scheme is more fully detailed in our decision in *Matter of WL, LLC v Department of Economic Dev.* (97 AD3d 24 [2012] [decided herewith]). Briefly, the Department of Economic Development administers a program pursuant to the New York State Empire Zones Act (*see* General Municipal Law § 955 *et seq.*) that provides special incentives and assistance—most notably in the form of tax benefits and credits—to businesses that create jobs or otherwise invest in economically impoverished areas of the state (*see* General Municipal Law § 956). In response to concerns regarding the program's cost effectiveness and accountability, the Legislature amended the Empire Zones Act, together with related provisions of the Tax Law, in April 2009. Insofar as is relevant here, the amendments required respondent Commissioner of Economic Development to conduct a review during calendar year 2009 of all businesses certified under the program and ascertain whether, pursuant to two new standards for determining program eligibility (*see* General Municipal Law § 959 [a] [v] [5], [6]), such businesses should be decertified from participation therein (*see* General Municipal Law § 959 [w]). One of those standards, commonly referred to as the "1:1 benefit-cost test," requires that "the business enterprise . . . provide economic returns to the state in the form of total remuneration to its employees (i.e. wages and benefits) and investments in its facility greater in value to the tax benefits the business enterprise used and had refunded to it" (General Municipal Law § 959 [a] [v] [6]).[1] To that end, the Commissioner was directed to analyze the data contained in at least three business annual reports (hereinafter BARs) filed by the entity in question in order to

---

**1.** In other words, to remain certified in the program, the business entity must produce more than $1 in actual wages, benefits and investments for every $1 in state tax incentives that it receives. The remaining standard (*see* General Municipal Law § 959 [a] [v] [5])—intended to curb a practice known as "shirt-changing"—is not at issue here.

determine if it remained eligible for participation in the program (*see* General Municipal Law § 959 [w]).[2]

Petitioner, a limited liability company that owns three floors of a structure known as the Granite Building, located in the City of Rochester, Monroe County, obtained certification as an empire zone business in October 2003. In June 2009, respondent Randal D. Coburn, the Director of the Empire Zones Program, notified petitioner that the Commissioner was revoking its certification due to its failure to satisfy the 1:1 benefit-cost test. Petitioner filed a timely appeal to respondent Empire Zone Designation Board (hereinafter the Board) arguing, insofar as is relevant here, that the previously filed BARs did not comprehensively report all costs actually incurred and paid by petitioner. In conjunction therewith, petitioner submitted revised BARs for the years 2003 through 2007, together with various self-generated spreadsheets delineating the additional costs purportedly incurred.

In March 2010, the Board unanimously passed Resolution No. 3 of 2010 upholding the Commissioner's determination to revoke the empire zone certification of 91 separate business entities—one of which was petitioner—based upon each entity's failure "to provide sufficient evidence to demonstrate that the Commissioner's finding . . . was in error." Petitioner was duly notified that its certification as an empire zone business had been revoked effective January 1, 2008, and petitioner thereafter commenced this CPLR article 78 proceeding to challenge the Board's determination. Supreme Court annulled the determination, finding that the Board failed to articulate the basis for its denial of petitioner's appeal, and remanded the matter for reconsideration. This appeal by respondents ensued.

We affirm. As no administrative hearing was conducted here, the Board admittedly was not required to make specific findings of fact (*see Matter of McPartland v McCoy*, 35 AD2d 641, 642 [1970]). However, "judicial review of an administrative determination is limited to the grounds invoked by the agency" (*Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758 [1991]) and, consistent with this "bedrock principle of administrative law" (*Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y.*, 16 NY3d 360, 368 [2011]), this Court cannot search the record for a rational basis to support the Board's determination, substitute its judgment for that of the Board or affirm the underlying de-

---

2. In conjunction therewith, emergency regulations were adopted that, among other things, limited the Commissioner's review to BARs filed by the entity between 2001 and 2007 (*see* 5 NYCRR 11.9 [c] [2]).

termination upon a ground not invoked by the Board in the first instance (*see id.*; *Matter of Figel v Dwyer*, 75 AD3d 802, 804-805 [2010]). For these reasons, it is imperative that the Board's determination contain sufficient information to permit this Court to both discern the rationale for the administrative action taken and undertake intelligent appellate review thereof.

Although we have no quarrel with the sufficiency of the administrative record, the Board's determination—as embodied in Resolution No. 3 of 2010—is completely lacking in detail. Simply put, the Board's determination does nothing more than recite—in a conclusory and unsubstantiated fashion—that petitioner, together with the 90 other business entities identified in the appendix annexed thereto, failed to "provide[ ] sufficient evidence to demonstrate that the Commissioner's finding with regard to revocation under [General Municipal Law] § 959 (a) (v) (6) was in error." This "one size fits all" determination, which does nothing more than mimic the statutory language (*see* General Municipal Law § 959 [w]) and sheds no light upon the manner in which petitioner's proof was deemed to be deficient, falls far short of delineating the particular grounds for the Board's determination and, in so doing, effectively precludes this Court from undertaking a "meaningful review of the rationality of the [Board's] decision" (*Matter of Figel v Dwyer*, 75 AD3d at 804; compare *Matter of Morris Bldrs., LP v Empire Zone Designation Bd.*, 95 AD3d 1381 [2012] [decided herewith]).

In reaching this conclusion, we reject respondents' assertion that Coburn's affidavit may be used to supply the rationale otherwise missing from the Board's determination. As noted previously, no administrative hearing was conducted here and, hence, Supreme Court could (and this Court may) properly consider Coburn's affidavit—despite the fact that it was not submitted during the administrative process (*see e.g. Matter of Brown v Sawyer*, 85 AD3d 1614, 1615-1616 [2011]; *Matter of Citizens' Envtl. Coalition, Inc. v New York State Dept. of Envtl. Conservation*, 57 AD3d 1279, 1280 n [2008]; *Matter of Kirmayer v New York State Dept. of Civ. Serv.*, 24 AD3d 850, 852 [2005]). However, neither Coburn's admitted familiarity with the relevant statutes and regulations nor his subsequent analysis of the materials submitted in support of petitioner's administrative appeal speaks to or otherwise evidences firsthand knowledge of the decision-making process undertaken by the Board (*compare Matter of Kirmayer v New York State Dept. of Civ. Serv.*, 24 AD3d at 852; *Matter of Jamaica Neighborhood Based Alliance Coalition v Department of Social Servs. of State of N.Y.*, 227

AD2d 40, 43 [1997], *appeal dismissed* 89 NY2d 1085 [1997], *lv denied* 90 NY2d 808 [1997]). Stated another way, although Coburn—as an employee of the very agency that administers the Empire Zones Program—indeed may be able to address the Commissioner's reasons for revoking petitioner's certification in the first instance, he certainly cannot supply the Board's rationale for upholding the Commissioner's decision upon petitioner's administrative appeal (*cf. Matter of Weill v New York City Dept. of Educ.*, 61 AD3d 407, 409 [2009]). Accordingly, Supreme Court's judgment annulling the Board's determination and remanding this matter for reconsideration is affirmed. To the extent that Supreme Court rejected petitioner's retroactivity and "extraordinary circumstances" arguments, petitioner did not cross-appeal from the underlying judgment and, therefore, we need not reach the merits of those claims.

Peters, P.J., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.

