■ In the Matter of Bais Sarah School for Girls, Appellant, v New York State Education Department et al., Respondents. [953 NYS2d 331]—

Garry, J.

In 2008, petitioner, a private school that operates a residential summer camp in the Town of Lumberland, Sullivan County, became a sponsor in the federally funded Summer Food Service Program (hereinafter SFSP), which provides free meals to children from low-income areas during school vacations (*see* 42 USC § 1761; 7 CFR part 225). Respondents administer SFSP and monitor sponsors to ensure that they adhere to its regulatory requirements (*see* 7 CFR 225.3 [b]; 225.6, 225.7). SFSP sponsors are paid according to the number of children served at each meal and are required, among other things, to "maintain accurate records which justify all costs and meals claimed" (7 CFR 225.15 [c] [1]). A sponsor may be terminated from SFSP for failing to maintain such records, claiming payments for meals that were not served or other serious deficiencies in operating the program (*see generally* 7 CFR 225.11 [c]). A sponsor found to have committed "a high level of meal service violations" must be required to take immediate corrective action (7 CFR 225.11 [f] [1]) and is subject to termination from SFSP if it fails to do so (*see* 7 CFR 225.11 [f] [2]).

In 2008 and 2009, petitioner was repeatedly found deficient for regulatory violations, leading to its termination from SFSP in 2009. In 2010, petitioner applied for reinstatement and submitted a corrective action plan, which was approved by respondent Education Department after petitioner entered into a written agreement to correct the prior deficiencies and comply with all regulatory requirements. In July 2010, Department employees conducted a site review of petitioner's breakfast service. The employees saw only 105 children being served breakfast, although petitioner had reported serving approximately 360 children on each of the previous five days. Members of petitioner's staff provided varying explanations for the discrepancy. Thereafter, the Department issued a notice of action that detailed these findings and other problems observed during the review, and directed petitioner to institute specified corrective measures. Petitioner responded with a letter disputing the accuracy of the findings and did not implement the corrective measures. In August 2010, the Department notified petitioner that its participation in SFSP was terminated and that the termination rendered petitioner ineligible for reimbursement for the 2010 SFSP. Petitioner requested a hearing to appeal the termina-

tion.* The Hearing Officer upheld the Department's determination, and petitioner thereafter commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and petitioner appeals.

"Where, as here, [a] petitioner challenges an administrative determination made where a hearing is not required, appellate review is limited to whether the determination lacks a rational basis and is, thus, arbitrary and capricious" (*Matter of Figel v Dwyer*, 75 AD3d 802, 804 [2010] [citation omitted]; *see* CPLR 7803 [3]; *Matter of Raymond Hadley Corp. v New York State Dept. of State*, 86 AD3d 899, 900-901 [2011]). We agree with Supreme Court that the Department's decision to terminate petitioner's participation in SFSP did not lack a rational basis. Prior to the July 2010 site review, petitioner had been found to have overstated the number of meals it served on four separate occasions, in addition to other program violations. Its 2010 reinstatement into SFSP was expressly conditioned upon its compliance with a corrective action plan to remedy these problems, and the July 2010 review was undertaken to verify whether the deficiencies had been corrected. Petitioner's explanation for the discrepancy between the number of breakfasts it served on the morning of the review and the much higher numbers it had reported for the preceding several days was that approximately 250 children had left the camp early that morning to attend a field trip, had returned when the trip was canceled for weather-related reasons and were sleeping when the Department conducted its review. However, petitioner had not provided the Department with the required advance notice of the field trip (*see* 7 CFR 225.16 [c] [4]), and petitioner provided incomplete, inconsistent documentation to support its claims that the trip had been scheduled and that petitioner had unsuccessfully attempted to notify the Department. The Department also identified other problems during the review, including petitioner's failure to demonstrate that trained staff were available to administer SFSP, maintain an organized system for SFSP records, and make these records readily available to the Department for review.

In addition to the deficiencies identified during the review, petitioner did not comply with the corrective action measures required by the Department thereafter. In this regard, petitioner argues that one of the measures required by the Department—the use of a sign-in sheet at each meal—was impossible to implement in a program serving 400 children, some of whom were al-

---

* The regulations governing appeals do not require hearings unless requested by a sponsor (*see* 7 CFR 225.13 [b] [5]).

legedly too young to write their names. Petitioner does not, however, claim that it could not comply with the other specified corrective actions—such as identifying an administrator in charge of SFSP or maintaining all SFSP records in a single location—nor does it explain why it did not do so, other than arguing that the requirements were "unacceptable." Notably, the regulation governing termination for failure to comply with a corrective action plan is phrased in mandatory terms, providing that the Department *"shall* terminate" a sponsor's participation if it does not implement timely corrective measures after program violations have been identified (7 CFR 225.11 [f] [2] [emphasis added]). Accordingly, the Department's decision to terminate petitioner's participation for serious deficiencies in its administration of SFSP was not arbitrary and capricious (*see* 7 CFR 225.11 [c] [4] [ii], [v]; [f] [1], [2]).

Petitioner next contends that the Department is not authorized to deny reimbursement for meals that were served before its termination. However, as Supreme Court noted, the Hearing Officer discussed only the issue of termination, and nothing in the administrative record—which includes all the documents upon which the Hearing Officer relied—indicates that petitioner addressed the issue of reimbursement in the administrative appeal. As "an argument may not be raised for the first time before the courts in [a CPLR] article 78 proceeding," the issue is not properly before this Court, and Supreme Court correctly declined to address it (*Matter of Peckham v Calogero*, 12 NY3d 424, 430 [2009] [internal quotation marks and citation omitted]; *see Matter of Veltri v New York State Off. of the State Comptroller*, 81 AD3d 1050, 1054 [2011]; *Matter of Williams v Goord*, 37 AD3d 948, 948 [2007], *lv denied* 8 NY3d 1021 [2007]).

Mercure, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.