Lynch, J.
Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered September 27, 2013 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner’s request to be authorized as a workers’ compensation health care provider.
Petitioner, a licensed doctor of osteopathy, applied to respondent in January 2013 for authorization to provide medical care to injured workers pursuant to Workers’ Compensation Law § 13-b. By correspondence in February 2013, respondent disapproved petitioner’s application. Petitioner commenced this proceeding to annul respondent’s determination. Supreme Court dismissed the petition, and this appeal ensued.
Initially, respondent concedes that Supreme Court erred by dismissing the petition based on petitioner’s failure to timely serve the Attorney General (see Matter of Grassia v Tracy, 232 AD2d 930, 931 [1996]). As the court nevertheless assessed the merits of the petition, we will do the same. Relevant to the issue presented, a physician must obtain approval from respondent prior to treating patients who are receiving workers’ compensation benefits (see Workers’ Compensation Law § 13-b; Matter of Renzi v Case Mgt. Concepts, 68 AD3d 1388, 1389 [2009]; Matter of Van Dam v New Paltz Cent. School Dist., 46 AD3d 1194, 1195 [2007]). Although the statute requires applicants to be recommended by the applicable local medical society, which recommendation petitioner did receive, such recommendation is not binding but “advisory . . . only” (Workers’ Compensation Law § 13-b [2]). “The clear legislative purpose of this provision is to insure the quality of the medical care and treatment rendered to injured claimants by limiting payment for such medical care and treatment to lawfully qualified persons under the Workers’ Compensation Law” (Matter of Van Dam v New Paltz Cent. School Dist., 46 AD3d at 1195 [citation omitted]).
Here, by its February 2013 correspondence, respondent noted that the Department of Health’s Office of Professional Medical Conduct had imposed a “non-disciplinary order of conditions on [petitioner’s] license to practice medicine effective March 23, *1223 2009.” Respondent determined that “[b]ased on the information contained in the order of conditions, . . . [petitioner’s] application is hereby disapproved,” without further elaboration. Petitioner contends that respondent’s determination was improper because it was based on the mere existence of the order of conditions. We agree.
In this proceeding, our review of respondent’s discretionary determination, made without a hearing, is limited to ascertaining whether it was arbitrary and capricious or an abuse of discretion (see Matter of Beck-Nichols v Bianco, 20 NY3d 540, 559-560 [2013]; Matter of Figel v Dwyer, 75 AD3d 802, 804 [2010]; Matter of Senior Care Servs., Inc. v New York State Dept. of Health, 46 AD3d 962, 965 [2007]). This standard requires us to determine whether the administrative determination “is justified . . . [or] is without foundation in fact” (Matter of Beck-Nichols v Bianco, 20 NY3d at 559 [internal quotation marks and citation omitted]). Here, respondent refers to an administrative order that, by its terms, did not constitute an admission to or finding of misconduct and is no longer in effect. The order imposed certain obligations upon petitioner’s continued licensure and surgical practices, but did not include any factual findings with regard to petitioner’s capabilities as a physician. In our view, neither respondent’s reference to the order nor our review of the terms of the order permits us to conduct a meaningful review of respondent’s determination to disapprove petitioner’s request to be authorized as a workers’ compensation health care provider (see Matter of Figel v Dwyer, 75 AD3d at 804). Because our review is limited to the grounds invoked, we decline to consider respondent’s alternative rationale asserted in opposition to the petition (see id. at 805). Accordingly, the judgment must be reversed, respondent’s determination annulled, and the matter remitted for reconsideration.
Lahtinen, J.P., McCarthy, Rose and Clark, JJ., concur.
Ordered that the judgment is reversed, on the law, without costs, determination annulled and matter remitted to respondent for further proceedings not inconsistent with this Court’s decision.