Matter of Winkler v New York State Educ. Dept. (2026 NY Slip Op 00177)

Matter of Winkler v New York State Educ. Dept.

2026 NY Slip Op 00177

Decided on January 15, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 15, 2026

CV-24-1748
[*1]In the Matter of Matthew L. Winkler, Appellant,
vNew York State Education Department et al., Respondents.

Calendar Date:November 19, 2025

Before:Garry, P.J., Aarons, Pritzker, Powers and Corcoran, JJ.

Levine & Blit, PLLC, Rye Brook (Russell S. Moriarty of counsel), for appellant.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondents.

Pritzker, J.
Appeal from a judgment of the Supreme Court (James Farrell, J.), entered September 20, 2024 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State Education Department denying petitioner's application for clearance for employment as a teacher.
Petitioner began working for the City and Country School in 2016 as a math consultant. In February 2023, the City and Country School requested clearance for petitioner's employment as a teacher from respondent State Education Department (hereinafter SED). When reviewing the request, petitioner's criminal history records indicated that in 2018 he was convicted of attempted assault in the third degree and had an unresolved charge of assault in the third degree stemming from a distinct date of arrest. Based on petitioner's prior conviction and unresolved charge, SED, considering the relevant factors, issued an intent to deny clearance for employment to petitioner, specifying the basis for its decision, how petitioner could submit information in favor of clearance to SED and that if petitioner did not respond within 25 days, SED would deny clearance. Petitioner did not respond, and SED denied his clearance for employment. Petitioner thereafter requested an administrative appeal stating that the intent to deny clearance and ultimate denial of clearance for employment was not sent to petitioner's current address; petitioner further provided materials in support of his administrative appeal. On administrative appeal, the Executive Coordinator of the Office of Teaching affirmed SED's denial of clearance for employment. Specifically, the Executive Coordinator found that there was a direct relationship between petitioner's prior conviction/charge and the employment sought, and, when considering the relevant statutory factors, employment as a teacher would involve an unreasonable risk to the safety and welfare of the school's students and staff. The Executive Coordinator thus dismissed petitioner's administrative appeal and denied his application for clearance for employment.
Thereafter, petitioner commenced the underlying CPLR article 78 proceeding in Supreme Court by filing a petition and order to show cause seeking, among other things, to annul the denial of his clearance for employment.[FN1] Respondents thereafter answered and, ultimately, Supreme Court dismissed the petition, finding, among other things, that SED's denial of clearance was supported by a rational basis. Petitioner appeals.
Petitioner contends that SED's denial of his application for clearance for employment was arbitrary and capricious. "In a CPLR article 78 proceeding to review a determination of an administrative agency, the standard of judicial review is whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Richmond Children's Ctr., Inc[*2]. v Delaney, 233 AD3d 1328, 1329 [3d Dept 2024] [internal quotation marks and citations omitted]; see CPLR 7803 [3]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts. When a determination is supported by a rational basis, it must be sustained even if the reviewing court would have reached a different result" (Matter of Evercare Choice, Inc. v Zucker, 218 AD3d 882, 885 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Garden Eden Home, LLC v Bassett, 235 AD3d 1147, 1149 [3d Dept 2025]).
"After receipt of a criminal history record . . . the commissioner shall promptly notify the . . . nonpublic or private elementary or secondary school whether the prospective employee to which such report relates is cleared for employment based upon his or her criminal history" (Education Law § 3035 [3] [a]). "In rendering a determination to either grant or deny clearance for employment [under Education Law § 3035], [SED] must apply the standards and factors for the granting or denial of a license or employment application set forth in Correction Law §§ 752 and 753" (Matter of Boatman v New York State Dept. of Educ., 72 AD3d 1467, 1468 [3d Dept 2010] [citations omitted]). Under the Correction Law, "[n]o employment or license held by an individual . . . shall be denied or acted upon adversely by reason of the individual's having been previously convicted of one or more criminal offenses . . . , unless . . . there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought or held by the individual; or . . . the granting or continuation of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public" (Correction Law § 752). Correction Law § 753 (1) sets forth eight specific factors which must be weighed when determining whether a person can be denied a license or employment based upon a previous conviction. Additionally, consideration must be given "to a certificate of relief from disabilities or a certificate of good conduct issued to the applicant, which certificate shall create a presumption of rehabilitation in regard to the offense or offenses specified therein" (Correction Law § 753 [2]).
SED's determination to deny petitioner clearance for employment as a teacher was not arbitrary or capricious. In making its determination, SED weighed and evaluated each of the eight statutory factors, noting that factors such as evidence of rehabilitation and policy of the State weighed in petitioner's favor, before concluding that there was a direct relationship between the prior conviction/charge and petitioner's potential employment, and that the employment would pose an unreasonable risk to the school's students and staff (see Matter of Arrocha v Board of Educ. of City of N.Y., 93 NY2d 361, 365-366 [1999]; Matter of Wunderlich v New York State [*3]Educ. Dept., Comm. on the Professions, 82 AD3d 1345, 1347 [3d Dept 2011], lv denied 17 NY3d 715 [2011]; Boatman v New York State Dept. of Educ., 72 AD3d at 1469). Of note, while recognizing the policy consideration of Correction Law article 23-A and the evidence of rehabilitation, SED also considered that petitioner was a mature adult at the time of the conviction and arrest, the conviction is for a serious offense and the conviction was within the last 10 years, with one charge still appearing to be unresolved (see Matter of Bonacorsa v Van Lindt, 71 NY2d 605, 614 [1988]; Matter of Boatman v New York State Dept. of Educ., 72 AD3d at 1469). Therefore, because SED considered all eight statutory factors and balanced them appropriately (see Correction Law § 753 [1]), the resulting decision was supported by a rational basis and petitioner's contentions to the contrary would amount to an impermissible reweighing of the factors (see Matter of Dempsey v New York City Dept. of Educ., 108 AD3d 454, 456 [1st Dept 2013], affd 25 NY3d 291 [2015]; Matter of Boatman v New York State Dept. of Educ., 72 AD3d at 1469). Regarding petitioner's contentions surrounding the certificate of relief from disabilities, it is first noted that the certificate was not issued until July 2024, after the denial for clearance was issued and after his administrative appeal was denied. Thus, the presumption of rehabilitation created by the certificate did not arise until after SED's denial (see generally Matter of Dempsey v New York City Dept. of Educ., 25 NY3d 291, 301 [2015]).[FN2] Accordingly, SED's determination is not arbitrary and capricious and, as such, Supreme Court properly denied the petition.
Finally, petitioner's due process argument is unpreserved as, apart from one statement that he did not receive the mailings from SED, he failed to raise such challenge before the Executive Coordinator on appeal or in his petition before Supreme Court (see generally State of New York v Konikov, 182 AD3d 750, 752 [3d Dept 2020], lv denied 36 NY3d 906 [2021]; Matter of Stasack v New York State Dept. of Envtl. Conservation, 176 AD3d 1456, 1459-1460 [3d Dept 2019]).
Garry, P.J., Aarons, Powers and Corcoran, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: A pre-answer motion to dismiss by respondents was granted solely as to the State of New York. The caption was amended accordingly.

Footnote 2: At oral argument it was disclosed that petitioner has since reapplied for clearance, and such application is still pending.