■ In the Matter of DUNEEN BELGRAVE, Appellant, v CITY OF NEW YORK et al., Respondents. [27 NYS3d 2]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered October 23, 2014, dismissing the petition to annul respondent New York City Police Department's (NYPD) determination, dated December 14, 2013, not to hire petitioner as a Police Communications Technician (PCT[1]) and to exclude her from any further consideration as a PCT, unanimously affirmed, without costs.

Disposition of this appeal requires that we interpret Correction Law article 23-A and decide an issue of first impression, which is whether a law enforcement agency (here the NYPD), may refuse to hire an applicant seeking employment with that agency as a civilian, without regard to the criteria set forth in Correction Law article 23-A, solely on the basis of the applicant's prior criminal conviction. We find that the protections of article 23-A do not apply to a civilian seeking to be hired by NYPD because "membership in any law enforcement agency" is expressly exempted from the statutory definition of "employment" pursuant to section 750 (5) of the Correction Law.

Petitioner applied for a position as a PCT with the NYPD and her application was denied. A fair reading of the petition is that by failing to consider enumerated statutory factors, respondents' determination violated her rights under Correction Law article 23-A and the New York State and City Human Rights Laws. Although respondents thinly argue that the application was denied for other reasons, we accept, for the purpose of this appeal, petitioner's allegation that the sole

---

1. More familiarly known as a 911 operator or dispatcher.

basis for the denial was that she has a prior criminal conviction.[2]

Article 23-A is a remedial statute, enacted to eliminate the effect of bias against ex-offenders that prevented them from obtaining employment, while also protecting society's interest in assuring performance by reliable and trustworthy persons (*Matter of Bonacorsa v Van Lindt*, 71 NY2d 605, 611 [1988]). Article 23-A broadly provides that employers, whether public or private, are prohibited from unfairly discriminating against persons previously convicted of one or more criminal offenses, unless after consideration of certain enumerated statutory factors, the employer determines that there is direct relationship between the offense(s) and the duties or responsibilities inherent in the license or employment sought or held by the individual, or such employment or license poses an unreasonable risk to the public, etc. (Correction Law §§ 752, 753). The statute defines the term "employment" as follows: "(5) 'Employment' means any occupation, vocation or employment, or any form of vocational or educational training. Provided, however, that 'employment' shall not, for the purposes of this article, include *membership* in any law enforcement agency" (Correction Law § 750 [5] [emphasis added]). The term "membership," as used in the exemption or exception part of the definition is not further defined, nor does it appear anywhere else in the body of the statute.

The issue we address is whether petitioner, by seeking civilian employment as a PCT with the NYPD, indisputably a law enforcement agency, seeks something different from "membership" in a law enforcement agency, and therefore subject to consideration of whether there is a direct relationship between her prior criminal conviction and the employment she seeks, or whether there is an unreasonable risk to the safety or welfare of the public (Correction Law § 752). Petitioner's contention is that "membership" is a narrower, more specific classification than employment that applies only to persons with the authority to enforce the law (i.e. police officers and peace officers), and not to those seeking civilian employment. Petitioner argues that any other interpretation renders the policy of rehabilitation through employment meaningless because good jobs with the NYPD are foreclosed to her, despite having received a certificate from disabilities.

---

**2.** Petitioner contends she was a victim of domestic violence and that she inflicted certain injuries on her abuser, the father of her daughter, in self-defense. She pleaded guilty to second-degree assault, a class D felony and was sentenced to five years probation which she completed.

In situations where, as here, a term does not have a controlling statutory definition, "courts should construe the term using its 'usual and commonly understood meaning' " (*Matter of Orens v Novello*, 99 NY2d 180, 185-186 [2002], quoting *Rosner v Metropolitan Prop. & Liab. Ins. Co.*, 96 NY2d 475, 479 [2001]). The Merriam-Webster dictionary defines membership as "the state of belonging to or being a part of a group or an organization—the state of being a member—all the people or things that belong to or are part of an organization or a group" (Merriam-Webster Online Dictionary, membership [http://www.merriam-webster.com/dictionary/membership (accessed Feb. 18, 2016)]). Guided by this broad definition, the exemption does not apply to a narrower group of people than those seeking employment with the NYPD. To the contrary, it applies to anyone, like petitioner, who seeks to be hired by a law enforcement agency. Had the legislature intended that the exemption from article 23-A only apply to persons seeking to enforce laws (i.e. uniformed police officers or peace officers), but not the civilians employed by the same agencies or departments, it could have specifically so provided.

The New York State Attorney General has similarly interpreted the exemption in article 23-A. In a matter involving the transfer of an employee assigned to work as a police dispatcher, the Attorney General determined that the criteria set forth in Correction Law § 751 did not apply and the law enforcement agency could transfer him out of that position, solely on the basis that the police dispatcher had been convicted of a felony, even though he had obtained a certificate of relief from disabilities (1981 Ops Atty Gen No. 81-7). While not binding authority, the interpretation "is an element to be considered" (*Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 404 [1984]). At least one Court has used the terms "employment" and "membership" interchangeably in deciding whether article 23-A's exemption applied in the case before it (*Matter of Little v County of Westchester*, 36 AD3d 616 [2d Dept 2007]).

Our interpretation is not inconsistent with the broad purpose of article 23-A, that applicants with prior criminal convictions be treated fairly. Although petitioner seeks to downplay the nature of the job that she applied for, PCTs (911 Operators/Radio Dispatchers) take calls, obtain critical information and are the first point of contact between the public and law enforcement. By dispatching police resources and performing other clerical and administrative duties related to the provision of emergency service, a PCT also has access to confidential

information, including non-public activities. The civilian nature of the job does not determine its importance in NYPD operations.

Nor do the provisions of the State and City Human Rights Laws upon which petitioner relies avail her. They prohibit denials of employment only to the extent the denials violate Correction Law article 23-A (*see* Executive Law § 296 [15]; Administrative Code of City of NY § 8-107 [10] [a]). Since we find that the exemption within article 23-A applied to petitioner's application for employment/membership with the NYPD, NYPD was not required to consider the statutory factors set forth in Correction Law §§ 752, 753. Concur—Tom, J.P., Acosta, Moskowitz and Gische, JJ.