Matter of Jones v New York City Tr. Auth. (2021 NY Slip Op 03148)





Matter of Jones v New York City Tr. Auth.


2021 NY Slip Op 03148


Decided on May 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 18, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 158314/19 Appeal No. 13858 Case No. 2020-03235 

[*1]In the Matter of Jerry Jones, Petitioner-Appellant,
v
New York City Transit Authority, et al., Respondents-Respondents.


Stewart Lee Karlin Law Group, P.C., New York (Stewart Lee Karlin of counsel), for appellant.
David I. Farber, New York City Transit Authority, Brooklyn (Daniel Chiu of counsel), for respondents.



Judgment (denominated a decision and order), Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about May 22, 2020, denying the petition to annul respondent New York City Transit Authority's (NYCTA) determination, dated May 10, 2019, which denied petitioner employment based on its conclusion that his conviction for criminal possession of a firearm posed an unreasonable risk to others, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Correction Law § 752 provides that employers are prohibited from "unfairly discriminating against persons previously convicted of one or more criminal offenses, unless after consideration of certain enumerated statutory factors, the employer determines that there is a direct relationship between the offense(s) and the duties or responsibilities inherent in the license or employment sought or held by the individual, or such employment or license poses an unreasonable risk to the public" (Matter of Belgrave v City of New York, 137 AD3d 439, 440 [1st Dept 2016], lv denied 27 NY3d 909 [2016]). In making a determination pursuant to Correction Law § 752, the public agency must consider the eight enumerated factors set forth in Correction Law § 753(1), such as the specific duties and responsibilities related to the employment sought, the age of the person at the time of the criminal offense, the seriousness of the offense, and information produced by the person in regard to his rehabilitation and good conduct (Correction Law § 753 [2]; see Matter of Gallo v State of N.Y., Off. of Mental Retardation & Dev. Disabilities, 37 AD3d 984, 985 [3d Dept 2007]). A finding of unreasonable risk "depends upon a subjective analysis of a variety of considerations relating to the nature of the license or employment sought and the prior misconduct" (Matter of Bonacorsa v Van Lindt, 71 NY2d 605, 612 [1988]).
Here, NYCTA reasonably determined that petitioner would pose an unreasonable risk, because he was convicted of criminal possession of a firearm only two years before seeking re-employment, and he sought a role that required unsupervised contact with the public and other employees (see Matter of Arrocha v Board of Educ. of City of N.Y., 93 NY2d 361, 363 [1999]). Contrary to petitioner's contentions, an affidavit from NYCTA's Director of Employment Operations for Human Resources demonstrates that NYCTA had reviewed the recommendation letters and certificates submitted by petitioner and weighed all of the relevant factors, including the duties of the role petitioner was seeking, his prior work history with NYCTA, the seriousness of his prior misconduct, and the amount of time that had elapsed since the misconduct (see Matter of Boatman v New York State Dept. of Educ., 72 AD3d 1467 [3d Dept 2010]; see also Arrocha, 93 NY2d at 364-365). 
Petitioner's reliance on the provisions of the State and City Human Rights Laws is unavailing, as these provisions merely prohibit [*2]denial of employment only to the extent the denials violated Correction Law article 23-A, which was complied with here (see Belgrave, 137 AD3d at 442). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2021