■ In the Matter of BARBARA CRUMB et al., Respondents, v WALTER D. BROADNAX et al., Constituting the Civil Service Commission of the State of New York, et al., Appellants.— Mercure, J. Appeal, by permission, from an order of the Supreme Court (Connor, J.), entered August 15, 1990 in Albany County, which, in a proceeding pursuant to CPLR article 78, *inter alia,* denied respondents' motion to dismiss the petition for failure to exhaust administrative remedies.

Respondent Department of Civil Service (hereinafter respondent) issued an announcement of a competitive promotion examination for the position of medical assistance specialist III, which was open to qualified employees of the Department of Social Services. Under the portion of the announcement entitled "Selection", it stated: "There will be a written test and an assessment center. You must pass the written test in

order to be called to the assessment center. You must pass the assessment center to be considered for appointment. Passing scores on the written test and assessment center will be equally weighted in determining final scores." Although the announcement detailed the scope of the written test, with regard to the assessment center component it merely stated, "If you are approved for the examination(s), you will be provided with details concerning the assessment center."

Subsequently, the applicants who achieved a passing score on the written test were notified that, due to the State's "fiscal situation", anticipated funding for the assessment center was not available. Accordingly, an oral test, "weighted equally with the written test and * * * designed in such a manner as to evaluate abilities similar to those that an assessment center would evaluate", was substituted for the assessment center. The notice further provided that the oral test was designed against the general background of the position to test for the applicants' ability to reason clearly and make sound judgments, to present ideas clearly and effectively, and to establish satisfactory relationships with others. On December 27, 1989, respondent promulgated an eligible list consisting of the 37 candidates who successfully passed both the written and oral portions of the examination.

Petitioners then commenced this CPLR article 78 proceeding seeking a judgment, *inter alia,* declaring the examination null and void as violative of the requirement of Civil Service Law § 50 (2) that the announcement of a competitive examination set forth "the subjects of the examination" and of 4 NYCRR 66.1 that the announcement state the "[s]ubjects of examination * * * [and] the relative weights assigned thereto". Respondents moved to dismiss the petition upon the ground, among others, that petitioners failed to exhaust their administrative remedies pursuant to Civil Service Law § 6 (5). Supreme Court denied the motion, concluding that petitioners were not required to exhaust administrative remedies because the sole issue to be determined is whether respondent "failed to comply with its own regulations". Respondents appeal.

Contrary to Supreme Court's determination, we do not view this as a case involving a pure question of law or one where resort to an administrative remedy would be futile. Moreover, it does not fall within any of the other "established exceptions to the exhaustion doctrine" *(Matter of Grattan v Department of Social Servs.,* 131 AD2d 191, 193, *lv denied* 70 NY2d 616; *see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Davidson v Rochester Tel. Corp.,* 163 AD2d 800, 801-802, *lv*

*denied* 76 NY2d 714). "Questions involving proper statutory interpretation, and a fortiori, the reasonable interpretation of an agency's own regulations, must first be raised within the agency's own administrative review process before such issues are properly before the courts" *(Matter of Grattan v Department of Social Servs., supra,* at 195; *see, Matter of Koupash v Bahou,* 85 AD2d 795, 796, *appeal dismissed* 55 NY2d 1036, *lv denied* 56 NY2d 503). Initial deference to agency interpretation is particularly appropriate in a case such as this, where "[v]arious factual and policy matters must be considered" *(Matter of Grattan v Department of Social Servs., supra,* at 195). We agree with respondents that the underlying facts have not been developed sufficiently to determine the intended scope of the assessment center evaluation and whether the oral examination was materially different. Finally, there is nothing in the record before this court to support Supreme Court's determination that respondents "do not intend to comply with [4 NYCRR 66.1]".

Casey, J. P., Weiss, Levine and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and petition dismissed.