■ In the Matter of CLARK M. CLIFFORD et al., Respondents, v FIRST AMERICAN CORP. et al., Defendants and Counterclaim Plaintiffs, et al., Defendants and Counterclaim Defendants. HARRY W. ALBRIGHT, JR., Nonparty Appellant. [659 NYS2d 268] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered November 4, 1996, which, insofar as appealed from, granted plaintiff's application to compel nonparty appellant to produce four documents for discovery in connection with litigation pending in another jurisdiction, unanimously reversed, on the law, without costs, and the order vacated as moot.

In connection with litigation pending in the Superior Court of the District of Columbia, the IAS Court directed nonparty Albright to produce six documents. Albright maintains that four of the six items are exempt from production due to attorney-client, work product or common interest privilege. We need not reach the merits of this claim, however, because the matter has been rendered moot by virtue of the December 1996 dismissal with prejudice of the complaint in the Superior Court action in the District of Columbia.

Plaintiff argues that the matter is not moot because of the possibility that his counterclaims in the dismissed action might be revived someday. This is hardly likely to happen, given the ongoing Federal court litigation of virtually the same claims. In any event, we must be guided by whether there is some issue "actually controverted in a particular case pending before the tribunal [citations omitted]" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713). In light of the dismissal of the complaint in the action in connection with which the production of the disputed documents was ordered, there is no matter actually in controversy, and we therefore reverse and vacate the order as moot. Concur—Milonas, J. P., Wallach, Nardelli and Tom, JJ.