■ In the Matter of DAVID KIRMAYER et al., Appellants, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents. [805 NYS2d 185]—

Rose, J. Appeal from a judgment of the Supreme Court (Benza, J.), entered November 24, 2004 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioners' request for review of certain test materials used in a Promotion Test Battery.

Petitioners are state employees who took a competitive promotion examination known as the Level 2 Promotion Test Battery administered in March 2004, and then were prevented from reviewing the test and its answers because the Civil Service Commission (hereinafter Commission) had preapproved the test (*see* 4 NYCRR 55.5 [b]). Such prior approval is permitted where "it is demonstrated that subject matter experts have reviewed the items to confirm that the concepts are current and appropriate for use and that the rating key represents the only correct answers among the alternatives presented" (4 NYCRR 55.5 [a] [3]). Petitioners commenced this CPLR article 78 proceeding alleging that the Commission's prior approval of the test and its answers was arbitrary, capricious and in violation of the regulations. Supreme Court dismissed the petition and this appeal ensued.

Civil Service Law § 50 (7) limits judicial review of the Commission's determination of the acceptable answers on a civil service test to the issue of whether its "duly established review procedures were followed" and, thus, the merits of such a determination are not reviewable (*see Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn.*, 78 NY2d 318, 321-322 [1991]). Further, as the body charged with administering the regulatory scheme at issue here, the Commission's interpretation of its regulations is entitled to deference (*see Matter of Rodriguez v Perales*, 86 NY2d 361, 367 [1995]; *Matter of Crumb v Broadnax*, 178 AD2d 781, 783 [1991]).

Petitioners contend that the record of what was before the Commission fails to establish that the persons who reviewed the test were subject matter experts, as required by 4 NYCRR 55.5 (a) (3), and that no genuine review occurred because the test questions and answers were reviewed by the same persons who created them. The record before Supreme Court, however, included both the administrative memorandum requesting prior

approval of the test, which describes the review process and states that 22 subject matter experts were involved in the development and review of the test, and the affidavit of Paul Kaiser, the Director of Testing Services for respondent Department of Civil Service, who explained the review and cross review process in greater detail. Kaiser's affidavit also describes how subject matter experts are chosen and demonstrates that the rating key here had been reviewed by appropriate experts. Although Kaiser's affidavit was not in the record before the Commission, it was properly considered by Supreme Court because there was no administrative hearing and the issue here is not one of substantial evidence but, rather, whether the Commission's determination has a rational basis (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Poster v Strough*, 299 AD2d 127, 142-143 [2002]; *see also Matter of Fink v Cole*, 1 NY2d 48, 52 [1956]).

As a result, respondents were permitted to provide evidence through an official with personal knowledge of the duly established procedures and information demonstrating a reasonable basis for the Commission's grant of prior approval. Accordingly, petitioners failed to show that the decision of the Commission was arbitrary or departed from its duly established procedures.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.