*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                    521535
_____

In the Matter of SEAN MENON
    et al.,
                    Respondents,

        v                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF
    HEALTH,
                    Appellant.
_____

Calendar Date:  April 19, 2016

Before:  Peters, P.J., Garry, Rose, Clark and Aarons, JJ.

_____

        Eric T. Schneiderman, Attorney General, Albany (Jonathan D. Hitsous of counsel), for appellant.

        Marvin Newberg, Monticello, for Sean Menon and another, respondents.

        Stoloff & Silver, LLP, Monticello (Richard A. Stoloff of counsel), for Wanaksink Lake Club, Inc., respondent.

_____

Aarons, J.

        Appeal from a judgment of the Supreme Court (McGuire, J.), entered May 14, 2015 in Sullivan County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying a waiver of certain regulatory requirements as applied to petitioners Sean Menon and Dawn Menon.

        In 2011, petitioners Sean Menon and Dawn Menon (hereinafter collectively referred to as petitioners) found a property lot

located on the shore of Wanaksink Lake in Sullivan County on which they wanted to construct a vacation house. Prior to making an offer for the lot, petitioners proceeded to determine whether such construction would be feasible. Sean Menon (hereinafter Menon) spoke with John Konefal, the president of petitioner Wanaksink Lake Club, Inc., the organization that governed the use of properties in the lake community, who advised him that construction of a new house needed approval of the Lake Club and the Town of Thompson's Zoning Board of Appeals. Petitioners thereafter bought the property. The Lake Club approved petitioners' proposed construction plan, but the Zoning Board conditioned its grant of the necessary area variances upon respondent's approval of the proposed well and septic system.

In September 2013, Menon and his engineer, D. Randel Wasson, met with Glenn Illing, an engineer in respondent's district office, and they discussed the construction project as well as any potential waivers that might be needed. In December 2013, Illing preliminarily reviewed a plan from Wasson and provided comments so that Wasson could submit a revised plan. In May 2014, petitioners submitted a plan to respondent that proposed the construction of a three-bedroom house on the lot, which is approximately 50 feet wide and 200 feet long as measured from the lake's shoreline. Petitioners also submitted a waiver application seeking to exempt the proposed water supply system from complying with respondent's regulations setting forth the minimum separation distances applicable to individual well and septic systems.[1] The application detailed each proposed distance that was noncompliant with respondent's regulations and compared them to what respondent's regulations required. While Menon, Wasson and Illing had further discussions about the waiver application, Illing subsequently forwarded petitioners'

_____

[1] Respondent is charged with supervising and regulating the "sanitary aspects of water supplies and sewage disposal" (Public Health Law § 201 [1] [l]) and has promulgated regulations to minimize the risk of water contamination by, among other things, requiring minimum distances separating well and septic systems from each other and from potential sources of contamination (see 10 NYCRR 75.4, 75.5; 10 NYCRR Appendices 5-B.2 [c]; 5-8.7).

application and file to respondent's Division of Environmental Health Protection for review based upon an allegation by Konefal that Illing was not properly handling the matter.

In a December 4, 2014 letter addressed to Konefal, respondent's Director of the Division of Environmental Health Protection wrote that "this vacant property is too small to be developed for a new home of any size. For this reason, the requested specific waiver . . . cannot be issued." In a separate letter dated December 5, 2014, Illing advised Menon that the waiver application was denied on the sole ground that "the vacant property is too small to be developed for a new home of any size." Petitioners and the Lake Club thereafter commenced this CPLR article 78 proceeding seeking to annul respondent's determination. Supreme Court granted the petition. Respondent appeals.[2]

Respondent may grant a waiver of its separation requirements pertaining to individual water supply systems if an applicant demonstrates that (1) a hardship or other circumstance making it impractical to comply with respondent's regulations exists, and (2) the requested waiver is consistent with respondent's overall protective purpose of ensuring water safety (see 10 NYCRR 75.3 [d]; 75.6 [b]). A court should defer to an agency's determination and only when such determination is arbitrary, capricious or irrational should it be annulled (see Matter of Dugan v Liggan, 121 AD3d 1471, 1473 [2014]; Matter of O'Connor v Ginsberg, 106 AD3d 1207, 1210 [2013], lv denied 21 NY3d 864 [2013]).

Respondent premised its denial of petitioners' waiver application on a bare statement that the property was too small for the construction of a house of any size. While respondent was not required to set forth any findings of fact (see Matter of

---

[2] Because there is no dispute that petitioners have standing to commence this proceeding, it is unnecessary to address whether the Lake Club has organizational standing (see New York State United Teachers v State of New York, ___ AD3d ___, ___, 2016 NY Slip Op 03572, *2 [2016]).

Office Bldg. Assoc., LLC v Empire Zone Designation Bd., 95 AD3d 1402, 1404 [2012]), it was nonetheless required to approve or deny the waiver application based upon the criteria specified in its own regulations (see 10 NYCRR 75.3 [d]; 75.6 [b]). The denial here, however, did not mention a hardship or other circumstance encountered by petitioners that made it impractical to comply with respondent's regulations, and there was no conclusion as to how petitioners' proposed well and septic system or the proposed distances delineated in the May 2014 waiver application were not consistent with the regulations' purpose. Where, as here, no formal hearing was conducted, we are limited to the ground invoked by respondent — i.e., the property lot was too small to construct a house of any size — and if we believe that such basis is insufficient or improper, we cannot sustain the determination by substituting what we deem to be a more appropriate or proper basis (see Matter of Parkmed Assoc. v New York State Tax Commn., 60 NY2d 935, 936 [1983]; Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd., 95 AD3d at 1404). Given that respondent did not mention or discuss the required factors as set forth in its own regulations in denying petitioners' waiver application, we cannot conduct meaningful review of the rationality of respondent's determination (see Matter of Figel v Dwyer, 75 AD3d 802, 804 [2010]; Matter of Gallo v State of N.Y., Off. of Mental Retardation & Dev. Disabilities, 37 AD3d 984, 986 [2007]; Matter of Fromer [Commissioner of Labor], 268 AD2d 707, 709 [2000]; cf. Matter of Segal v Zoning Bd. of Appeals of the Town of Bethel, 191 AD2d 873, 874 [1993]).

Respondent contends that Illing's affidavit submitted in response to the petition sufficiently articulated the basis for its determination by explaining why the property's small size did not warrant granting the waiver application. While a responsive affidavit that was not part of the administrative record may be considered in certain circumstances (see e.g. Matter of Kirmayer v New York State Dept. of Civ. Serv., 24 AD3d 850, 852 [2005]), it must come from an affiant with "firsthand knowledge of the decision-making process undertaken by the [agency]" (Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd., 95 AD3d at 1405). Illing did not have such firsthand knowledge of the process by which the waiver application was denied, as the matter had been removed from his hands and referred to the Division of

Environmental Health Protection.  The letter that denied the waiver application was signed by that office's director; Illing's only involvement was to notify Menon of the decision after it was made and supply him with a copy of the denial letter.  As Illing did not participate in the decision to deny the waiver application, his affidavit cannot supply the missing rationale for the decision (see id. at 1406; Matter of Weill v New York City Dept. of Educ., 61 AD3d 407, 409 [2009]).

Moreover, even if we found that the affidavit could be considered, we nonetheless disagree with respondent (see Matter of Greece Town Mall, L.P. v New York State, 105 AD3d 1298, 1300 [2013]).  In his affidavit, Illing explained how the amount of bedrooms, but not how the size of the property lot or proposed house, correlated to the sufficiency of a well and septic system.[3]  We further note that, throughout the application process, which included site visits and discussions with petitioners and Wasson, Illing never commented about the size of the purchased lot or proposed house as being a prohibitive factor in granting or denying a waiver application.  In sum, respondent's denial "sheds no light upon the manner in which [petitioners'] proof was deemed to be deficient [and] falls far short of delineating the particular grounds for [respondent's] determination" (Matter of Office Bldg. Assoc. v Empire Zone Designation Bd., 95 AD3d at 1405).  Therefore, the matter must be remitted to respondent for reconsideration of petitioners' application (see Matter of Figel v Dwyer, 75 AD3d at 804-805; cf. Matter of Hudson Riv. Vall., LLC v Empire Zone Designation Bd., 115 AD3d 1035, 1038 [2015]).

Peters, P.J., Garry, Rose and Clark, JJ., concur.

_____

[3]  Respondent's guidelines state that "[s]eptic tank capacities shall be based on the number of household bedrooms" (10 NYCRR Appendix 75-A.6 [a] [1]).

ORDERED that the judgment is affirmed, without costs, and matter remitted to respondent for reconsideration of petitioners' application.


ENTER:

Robert D. Mayberger
Clerk of the Court