*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 12, 2017             522940
_____

In the Matter of KYRAN T.
   MOLLOY,
                    Appellant,

        v                                MEMORANDUM AND ORDER

NEW YORK STATE WORKERS'
   COMPENSATION BOARD et al.,
                    Respondents.
_____

Calendar Date:  November 15, 2016

Before:  Garry, J.P., Egan Jr., Devine, Clark and Mulvey, JJ.

_____

    McNamee, Lochner, Titus & Williams, PC, Albany (Scott C. Paton of counsel), for appellant.

    Eric T. Schneiderman, Attorney General, Albany (Laura Etlinger of counsel), for respondents.

_____

Mulvey, J.

    Appeal from a judgment of the Supreme Court (Ceresia, J.), entered February 3, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Workers' Compensation Board declining to renew petitioner's license to represent workers' compensation claimants.

    In 2001, petitioner obtained a license to practice before respondent Workers' Compensation Board as a nonattorney representative pursuant to Workers' Compensation Law § 24-a. Although his license was repeatedly renewed, in January 2015, the Board denied his application for renewal, citing an interview

panel's recommendation of nonrenewal based upon its finding that petitioner had failed to "meet the standards and requirements for a license." Petitioner commenced this CPLR article 78 proceeding to annul the Board's determination, and Supreme Court dismissed the petition. Petitioner now appeals.

We affirm. A nonattorney is permitted to represent claimants before the Board provided that he or she has received a license from the Board, issued "in accordance with the rules established by it" (Workers' Compensation Law § 24-a [1]). "[T]he applicable regulations require that a licensed representative have a competent knowledge of the law and regulations relating to workers' compensation matters and the necessary qualifications to render service to his or her client and permit the Board, in its discretion, to require an applicant for renewal of a license to submit to an oral review to demonstrate such knowledge" (Matter of Silverman v New York State Workers' Compensation Bd., 101 AD3d 1422, 1424 [2012] [internal quotation marks and citations omitted], lv denied 21 NY3d 860 [2013]). In accordance with an order issued per Workers' Compensation Law § 141, oral reviews are conducted by a three-member panel consisting of a member of the Board, a representative of the Board's licensing unit and a representative of the Board's office of general counsel.

Petitioner appeared before a three-member panel in August 2014, and the panel concluded that his responses to a series of questions pertaining to his knowledge of workers' compensation and disability topics exhibited a fundamental lack of understanding of key concepts. A detailed explanation and substantiation of the panel's recommendation of nonrenewal was furnished to Supreme Court through affidavits of two of the three members of the panel, along with a transcript of the interview. The third member passed away before the proceeding was commenced.[1]

---

[1] The third member had attended the full review meeting and the minutes of the meeting show that he made the motion to not renew petitioner's license.

First, we reject petitioner's contention that, because the panel members were not part of the Board's final decision-making process, Supreme Court erred in considering these affidavits in support of the Board's determination. Although we agree that the Board's determination letter, standing alone, fails to "contain sufficient information to permit this Court to both discern the rationale for the administrative action taken and undertake intelligent appellate review thereof" (Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd., 95 AD3d 1402, 1405 [2012]), we find that the affidavits were properly considered by Supreme Court because they were furnished by individuals having "'firsthand knowledge of the decision-making process'" (Matter of Menon v New York State Dept. of Health, 140 AD3d 1428, 1431 [2016], quoting Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd., 95 AD3d at 1405; see e.g. Matter of Brown v Sawyer, 85 AD3d 1614, 1615-1616 [2011]). We further agree with Supreme Court that based on the record, including these affidavits, a rational basis exists to support the Board's determination not to renew petitioner's license.

Turning to petitioner's claims of unfairness with regard to the "closed book" format of the interview, the record shows that during his prior 2011 review, petitioner was warned that the interview process was becoming more rigorous and that he would need to improve his understanding of the relevant law. Further, two notices sent to petitioner prior to the 2014 interview clearly advised that it would be "lengthier and more in-depth" and that "applicants are required to be familiar with any relevant laws, rules, regulations, procedures, policies and case decisions." Notably, petitioner has failed to furnish any authority for his contention that he had a due process right to rely on written materials during the interview.

Finally, we are unpersuaded that respondents' failure to include in the record a copy of the panel's recommendation required dismissal of the petition. Petitioner sought a copy of the document directly from respondents, yet it was withheld pursuant to a Freedom of Information Law exemption for nonfinal intra-agency communications (see Public Officers Law § 87 [2] [g]). We find that the submission of the interview transcript, the panel members' affidavits and other exhibits furnish "an

adequate basis upon which to review the rationality" of the Board's determination (Matter of Global Tel*Link v State of N.Y. Dept. of Correctional Servs., 70 AD3d 1157, 1159 [2010] [internal quotation marks and citations omitted]).

Garry, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court