In the Matter of KYLE A. WEISSENBURGER, Appellant, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [64 NYS3d 374]—

Rumsey, J. Appeal from a judgment of the Supreme Court (Young, J.), entered May 10, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to

CPLR article 78, to review a determination of the Department of Corrections and Community Supervision denying, among other things, petitioner's request for a certificate of good conduct.

Petitioner pleaded guilty to driving while intoxicated in 2008 and was sentenced to five years of probation. His term of probation was terminated in July 2011. In 2015, petitioner applied to respondent for a certificate of good conduct (hereinafter CGC), specifically requesting that he be relieved of the forfeiture of his rights to hold public office and to possess firearms that resulted from his conviction (*see* Correction Law §§ 703-a, 703-b).[1] The Department of Corrections and Community Supervision denied the application and petitioner's subsequent request for reconsideration. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the denial of the CGC, as well as respondent's denial of certain of his requests for documents under the Freedom of Information Law. Supreme Court dismissed the petition, finding, among other things, a rational basis for the denial of the CGC, and this appeal ensued.[2]

Our review of an agency's determination in matters such as this "is limited to ascertaining whether it was arbitrary and capricious or an abuse of discretion" (*Matter of Cohen v New York State Workers' Compensation Bd.*, 122 AD3d 1222, 1223 [2014]; *see Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361, 363 [1999]). Respondent may issue a CGC to any individual convicted of a crime in New York when satisfied that the individual has conducted himself or herself "in a manner warranting such issuance" and that the issuance "is consistent with the rehabilitation of the applicant" and "consistent with the public interest" (Correction Law § 703-b [1]). Here, respondent denied petitioner's application on the ground that issuing the CGC was "inconsistent with public interest."

In response to petitioner's request for reconsideration, the Assistant Commissioner of Corrections and Community

---

1. In 2014, petitioner was granted a certificate of relief from disabilities by Monroe County Court (Pampiano, J.). A certificate of relief from disabilities is granted "to relieve an eligible offender of any forfeiture or disability, or to remove any bar to his [or her] employment, automatically imposed by law by reason of his [or her] conviction" (Correction Law § 701 [1]). Such a certificate does not, however, remove a bar to holding public office or necessarily restore a petitioner's right to possess firearms (*see* Correction Law § 701 [1], [3]).

2. Petitioner does not challenge the denial of his Freedom of Information Law requests on appeal. Accordingly, those issues have been abandoned (*see Matter of Abele v Dimitriadis*, 53 AD3d 969, 970 [2008], *lv denied* 12 NY3d 706 [2009]).

Supervision, who was assigned to resolve petitioner's application, informed petitioner that he considered various factors while evaluating the application, including the nature of prior offenses and convictions and the impact of those offenses, as well as petitioner's social and personal circumstances. This individual also submitted a sworn affidavit in response to petitioner's CPLR article 78 petition. Contrary to petitioner's contention, the affidavit can be considered despite the fact that it was not submitted during the administrative process, inasmuch as there was no administrative hearing and it was based on firsthand knowledge of the decision-making process regarding petitioner's application (*see Matter of Entergy Nuclear Indian Point 2, LLC v New York State Dept. of State*, 130 AD3d 1190, 1193 n 5 [2015]; *Matter of Brown v Sawyer*, 85 AD3d 1614, 1615-1616 [2011]; *Matter of Kirmayer v New York State Dept. of Civ. Serv.*, 24 AD3d 850, 852 [2005]; *compare Matter of Menon v New York State Dept. of Health*, 140 AD3d 1428, 1431 [2016]; *Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd.*, 95 AD3d 1402, 1405-1406 [2012]).

In the affidavit, the Assistant Commissioner noted that the investigative report associated with petitioner's application for the certificate of relief from disabilities reported that petitioner had a history of mental health problems and alcohol and drug abuse. In our view, the reliance on the specific nature of petitioner's offense, his conduct at the time of his arrest, and the cited history of his prior mental health problems and alcohol abuse establish a rational basis for the denial of the application, notwithstanding petitioner's commendable efforts at rehabilitation. Petitioner's remaining claims have been considered and found to be without merit. Therefore, Supreme Court's judgment dismissing the petition is affirmed.

McCarthy, J.P., Garry, Clark and Mulvey, JJ., concur. Ordered that the judgment is affirmed, without costs.