Matter of Best Payphones, Inc. v Public Serv. Commn. of the State of N.Y. (2021 NY Slip Op 01815)





Matter of Best Payphones, Inc. v Public Serv. Commn. of the State of N.Y.


2021 NY Slip Op 01815


Decided on March 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

529846

[*1]In the Matter of Best Payphones, Inc., Appellant,
v
Public Service Commission of the State of New York et al., Respondents. (Proceeding No. 1.) (And Two Related Proceedings.)
In the Matter of Independent Payphone Association of New York, Inc., on Behalf of Itself and its Member Companies, et al., Appellants,
v
Public Service Commission of the State of New York et al., Respondents. (Proceeding No. 4.)

Calendar Date: February 10, 2021

Before: Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


David Bolton, PC, Garden City (David Bolton of counsel), for Best Payphones, Inc., appellant.
Keith J. Roland, Albany, for Independent Payphone Association of New York, Inc. and others, appellants.
Robert Rosenthal, General Counsel, Public Service Commission, Albany (Alina Buccella of counsel), for Public Service Commission of the State of York, respondent.
Joseph A. Post, New York City, for Verizon New York, Inc., respondent.



Aarons, J.
Appeals from a judgment of the Supreme Court (McGrath, J.), entered July 24, 2019 in Albany County, which dismissed petitioners' applications, in four proceedings pursuant to CPLR article 78, to review determinations of respondent Public Service Commission, among other things, denying petitioners' requests for a refund.
A factual and regulatory background is set forth in a prior related appeal (Matter of Independent Payphone Assn. of N.Y. v Public Serv. Commn. of State of N.Y., 5 AD3d 960 [2004], lv denied 3 NY3d 607 [2004]). As relevant here, after the amendment of the Telecommunications Act of 1934 (47 USC § 276), respondent Public Service Commission (hereinafter PSC) directed local exchange carriers (hereinafter LECs) to file tariff rates to comply with the "new services" test as set forth by the Federal Communications Commission (hereinafter FCC). The predecessor of respondent Verizon New York, Inc., an LEC, filed a tariff with an effective date of April 1, 1997, proposing new rates for new services and maintaining previously approved rates for Public Access Line (hereinafter PAL) services. These rates were approved on a temporary basis. The FCC's Common Carrier Bureau thereafter adopted an order on April 15, 1997 (hereinafter referred to as the refund order) clarifying that the new services test should be applied to rates for preexisting payphone services. Under the refund order, LECs were given a limited waiver to file, until May 19, 1997, revised tariffs that complied with the new services test. The refund order also provided that LEC customers would be entitled to refunds or credits for any overpayments made after April 15, 1997, if new, lower rates were filed. Verizon's predecessor did not file any new tariffs.
In 1999, petitioner Independent Payphone Association of New York, Inc. (hereinafter IPANY), a trade association representing independent payphone service providers (hereinafter IPPs), and another objecting party, petitioned to have the tariffs filed by Verizon's predecessor be declared unlawful. The PSC issued two orders — a 2000 order dismissing the petition and a 2001 order dismissing a rehearing petition. IPANY and the other objecting party then commenced a CPLR article 78 proceeding challenging those orders. Supreme Court (Stein, J.) granted the petition to the extent of remanding the matter for the PSC to determine whether the preexisting PAL rates of Verizon's predecessor were based on forward-looking costs so as to comply with the new services test based on the law as it existed on April 15, 1997 and, if they were not and the new compliant rates were lower than the preexisting rates, to issue any necessary refunds/credits. This Court, however, found, among other things, that IPANY and the objecting party would not be entitled to a refund or credit even if the PSC concluded that the new rates would be lower than the preexisting rates and, therefore, modified the judgment and order by reversing so much thereof [*2]as directing the PSC to determine whether refunds were owed (Matter of Independent Payphone Assn. of N.Y. v Public Serv. Commn. of State of N.Y., 5 AD3d at 963-964). This Court also rejected the argument that the PSC erred by not considering orders issued in 2000 and 2002 by the FCC's Common Carrier Bureau concerning Wisconsin LECs (id. at 962-963). IPANY thereafter petitioned the FCC for an order preempting the PSC's orders and this Court's 2004 order, as well as directing Verizon to provide refunds for rates that did not comply with the new services test.
While IPANY's appeal was pending before this Court, petitioner IPPs (hereinafter the 2003 complainants) filed complaints in 2003 with the PSC demanding refunds and challenging the rates charged by Verizon for PALs as not complying with the new services test. These complaints were ultimately consolidated with a "related" complaint filed by petitioner Best Payphones, Inc., an IPP. In a 2006 order, the PSC set new PAL rates for Verizon, directed Verizon to file new tariffs and invited comments regarding whether an investigation into the rates that were to be superseded by the new tariffs was warranted. IPANY and another IPP thereafter petitioned for a rehearing of the 2006 order. In a 2007 order, the PSC denied the petition and directed that the "proceedings are continued but shall be closed."
In 2013, the FCC issued an order denying, among others, the preemption petition by IPANY (see Matter of Implementation of the Pay Tel. Reclassification and Compensation Provisions of the Telecom. Act of 1996, 28 FCCR 2615, 2639 [2013], affd sub nom. Illinois Pub. Telecom. Assn. v Federal Communications Commn., 752 F3d 1018 [DC Cir 2014], cert denied 575 US 912 [2015]). In January 2015, IPANY and the 2003 complainants requested that the PSC conduct the investigation as directed by Supreme Court (Stein, J.) and modified by this Court regarding whether the preexisting PAL rates by Verizon's predecessor were based on forward-looking costs and complied with the new services test and, if necessary, for refunds. In a March 2017 order, the PSC found that the rates of Verizon's predecessor were compliant with the new services test in that they were based on forward-looking costs plus a federal charge. IPANY and the 2003 complainants then petitioned for a rehearing of the PSC's March 2017 order. Best submitted a letter requesting, among other things, to join the rehearing petition. The PSC rejected this request and advised Best that its 2003 complaint had been closed. Best subsequently sought to reopen its 2003 complaint and filed a duplicative new complaint. In a December 2017 order, the PSC refused to open Best's 2003 complaint and denied its new complaint. In that same order, the PSC nonetheless treated Best as an intervenor in the rehearing petition by IPANY and the 2003 complainants and ultimately denied the relief sought by IPANY and the 2003 complainants.
IPANY and the 2003 complainants commenced [*3]a CPLR article 78 proceeding challenging the PSC's March and December 2017 orders. Best commenced three separate CPLR article 78 proceedings challenging these same orders, as well as the PSC's determination closing its 2003 complaint. These proceedings were subsequently joined but not consolidated. Verizon and the PSC raised objections in point in law in their respective answers and separately moved to dismiss the petitions. Supreme Court (McGrath, J.) dismissed the petitions. These appeals ensued. We affirm.
Regarding the PSC's March and December 2017 orders, our review of the PSC's determinations therein is limited to whether they are without any rational basis or adequate support in the record (see Matter of MCI Telecom. Corp. v Public Serv. Commn. of State of N.Y., 231 AD2d 284, 292 [1997]). Petitioners assert that, upon the remand contemplated in this Court's 2004 order, the PSC erred in concluding that the rates of Verizon's predecessor complied with the new services test by being forward looking. We disagree. The PSC compared the "then-existing state tariffed PAL rates . . . to existing embedded costs for similar rates in effect." The comparison revealed that the PAL rates were significantly lower than existing embedded costs, allowing the PSC to infer that forward-looking costs, not the "backward-looking" embedded ones, were used to calculate the PAL rates. The PSC further observed that the PAL rates remained much lower than the embedded costs even when the federally-mandated end user common line surcharge was included with them. Deferring to the PSC's specialized knowledge in the area of setting rates (see Matter of New York Tel. Co. v Public Serv. Commn. of State of N.Y., 95 NY2d 40, 48 [2000]), we cannot say that the PSC's determinations were irrational.
Petitioners raise various attacks on the PSC's determinations in the March and December 2017 orders, but none are availing. Contrary to their contention, the PSC was not required to hold an evidentiary hearing before making its determinations nor did our 2004 order direct it to do so. We also do not share petitioners' view that the FCC's 2013 order preempted or superseded our 2004 order. To the extent that they rely on opinions expressed in an expert affidavit assailing the PSC's determinations, this affidavit postdates the PSC's 2017 orders and, therefore, was not part of the administrative record (see Matter of Pascazi v New York State Bd. of Law Examiners, 151 AD3d 1324, 1325-1326 [2017]).
Supreme Court correctly held that IPANY was precluded by principles of res judicata and collateral estoppel from relitigating the issues of whether the PSC failed to consider orders from the FCC's Common Carrier Bureau concerning LECs in Wisconsin and whether it was entitled to a refund. Res judicata precludes a party from litigating a claim "where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" (Matter of Hunter, [*4]4 NY3d 260, 269 [2005]). "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984] [citations omitted]). These issues were raised and decided by Supreme Court (Stein, J.) and this Court (Matter of Independent Payphone Assn. of N.Y. v Public Serv. Commn. of State of N.Y., 5 AD3d at 963-964), and IPANY's reliance on the FCC's 2013 order is unavailing. As such, IPANY is precluded from relitigating those issues (see O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). Regarding the 2003 complainants and Best, they were not parties to IPANY's 1999 proceeding and the parties herein dispute whether they were in privity with IPANY. Assuming, without deciding, that there was a lack of privity, under the principle of stare decisis and in the absence of any compelling grounds, the holdings in our 2004 order pertaining to these specific issues will not be disturbed (see generally People v Taylor, 9 NY3d 129, 148 [2007]; Matter of Schulz v State of New York, 241 AD2d 806, 807-808 [1997], appeal dismissed 90 NY2d 1007 [1997]).
Best also takes issue with the PSC's determination refusing to reopen its 2003 complaint. Supreme Court (McGrath, J.) found, and the record reflects, that Best's complaint was heard with that of the 2003 complainants, and Best made arguments in support of its complaint, had notice of its closure and was treated as an intervenor in IPANY's proceeding seeking a rehearing of the PSC's March 2017 order. Under these circumstances, the PSC's refusal to reopen Best's 2013 complaint was not an improvident exercise of its discretion (see Matter of Long Is. Light Co. v Public Serv. Commn. of State of N.Y., 134 AD2d 135, 146-147 [1987]). Best's claim that the PSC did not comply with certain procedures set forth in the State Administrative Procedure Act is without merit given that the instant proceedings are not rule-making proceedings. Similarly without merit is Best's assertion that it had a property interest in its claim for a refund and that its substantive due process rights were violated. In view of the FCC's 2013 order providing that issuing refunds was a discretionary matter for state public commissions (see Matter of Implementation of the Pay Tel. Reclassification and Compensation Provisions of the Telecom. Act of 1996, 28 FCCR at 2639), Best did not have a clear right to any refunds and, accordingly, lacked any property interest in them (see Matter of Niagara Mohawk Power Corp. v New York State Dept. of Transp., 224 AD2d 767, 768 [1996], appeal dismissed 87 NY2d 1054 [1996], lv denied 88 NY2d 809 [1996]). Petitioners' remaining contentions, to the extent not specifically discussed herein, have been examined and are unavailing[*5].
Lynch, J.P., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.