Matter of Hammonds v New York State Educ. Dept. (2022 NY Slip Op 03959)

Matter of Hammonds v New York State Educ. Dept.

2022 NY Slip Op 03959

Decided on June 16, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 16, 2022

533351
[*1]In the Matter of Isaiah Hammonds, Appellant,
v
New York State Education Department et al., Respondents.

Calendar Date:April 25, 2022

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Law Offices of Leonard A. Sclafani, PC, New York City (Leonard A. Sclafani of counsel), for appellant.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondents.

Garry, P.J.
Appeal from a judgment of the Supreme Court (Ceresia, J.), entered February 11, 2021 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent New York State Education Department denying petitioner's application for licensure as a physician assistant.
Petitioner, who obtained a medical doctorate degree from the College of Medicine at American University of Antigua (hereinafter AUA) but is not licensed as a physician in the state, sought licensure by respondent New York State Education Department (hereinafter SED) to practice as a physician assistant (hereinafter PA). In processing his application, SED requested documentation from petitioner that he had graduated from a PA education program and passed the Physician Assistant National Certifying Examination (hereinafter PANCE). Petitioner, who had not satisfied either requirement, objected to providing those credentials, asserting that his medical doctorate education and successful completion of all four steps of the United States Medical Licensing Examination (hereinafter USMLE) qualified him for a PA license. SED eventually informed petitioner that it did not approve his application, citing his failure to meet the education and examination requirements. Petitioner then commenced this CPLR article 78 proceeding to compel SED to issue him a PA license. Supreme Court dismissed the petition on the merits. Petitioner appeals.
"[A] court's review of administrative actions is limited to the record made before the agency" (Matter of Pascazi v New York State Bd. of Law Examiners, 151 AD3d 1324, 1326 [2017] [internal quotation marks and citation omitted]). Where there was no administrative hearing, the agency may submit an employee's or official's affidavit to explain the information that was before the agency and the rationale for its decision, and courts may consider such an affidavit even though it was not submitted during the administrative process (see Matter of Gesmer v Administrative Bd. of the N.Y. State Unified Ct. Sys., 194 AD3d 180, 184 n 2 [2021], appeal dismissed 37 NY3d 1103 [2021]; Matter of Weissenburger v Annucci, 155 AD3d 1150, 1152 [2017]; Matter of Kirmayer v New York State Dept. of Civ. Serv., 24 AD3d 850, 852 [2005]). In contrast, however, expert opinions expressed in affidavits that postdate the agency determination at issue may not be relied upon, as such affidavits were not part of the administrative record (see Matter of Best Payphones, Inc. v Public Serv. Commn. of the State of N.Y., 192 AD3d 1416, 1420 [2021], lv denied 37 NY3d 914 [2021]).
Supreme Court correctly noted that the affidavits of petitioner and four experts that were submitted with the petition were not before SED when it rendered its determination and, thus, were not part of the record.[FN1] Although petitioner complains that he was unaware of what grounds SED would use to reject his licensure application and, thus, he [*2]could not respond with expert opinions before the agency, SED informed petitioner that, at least regarding one portion of its determination, he could submit a response to correct any factual errors before a final determination was rendered regarding an examination waiver. Petitioner did not submit a response. In any event, the court stated that, even if it were to consider those affidavits, the outcome would not change. Considering the standard of review, we agree. In reviewing an agency determination made without a hearing, courts must decide whether the action taken was arbitrary and capricious or affected by an error of law (see CPLR 7803 [3]). "If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (Matter of Ward v City of Long Beach, 20 NY3d 1042, 1043 [2013] [citation omitted]).
Petitioner contends that the education he received from AUA in earning his medical degree is the substantial equivalent of education that PA students receive while pursuing their degrees. Pursuant to statute, to qualify for a PA license a person must "submit satisfactory evidence" that he or she "has satisfactorily completed an approved program for the training of physician assistants" (Education Law § 6541 [1] [d]). It is undisputed that petitioner did not attend an SED-approved PA training program. Nevertheless, in such circumstances, "[t]he [C]ommissioner [of Education] is empowered to determine whether an applicant possesses equivalent education and training, such as experience as a nurse or military corpsman, which may be accepted in lieu of all or part of an approved program" (Education Law § 6541 [1] [d]). A regulation provides that, "[i]n lieu of all or part of a registered program for the training of [PAs], the [C]ommissioner may accept evidence of an extensive health[-]oriented education and of appropriate experience and training" and may require the applicant "to make up any deficiencies in education or experience prior to licensure" (8 NYCRR 60.8 [b] [3]).
"In reviewing professional education programs[, SED] may consider and use the standards of nationally recognized accrediting organizations in the professions to the extent such standards are satisfactory to [SED]" (8 NYCRR 52.3 [b]). In comparing the education petitioner received at AUA with approved PA programs, SED relied upon standards set by the Accreditation Review Commission on Education for the Physician Assistant, Inc., a not-for-profit organization that is the only accrediting body in the country for PA programs. Because those standards define terms, learning outcomes and competencies as relating specifically to PA education and practice, SED concluded that virtually the entire educational program must be oriented to PA practice to meet those standards. Although AUA's medical doctorate program fulfilled most of the standards relating to content areas and medical knowledge, SED determined that the program did not meet [*3]standards unique to PA practice. An affidavit by SED's Deputy Commissioner of the Office of Professions detailed 11 PA education standards that petitioner's education failed to meet, as well as six additional education standards that, based on AUA syllabi and provided materials, SED determined that AUA did not cover. The record indicates that a key component of PA practice is the team approach and navigating the PA-physician relationship, but the report from a 2015 AUA site visit detailed that AUA was not compliant in providing opportunities for students to learn in environments where they are able to interact with students "enrolled in other health professions," degree programs or clinical programs.
Essentially, SED disagreed with petitioner's assertion that, because physicians and PAs all practice medicine, medical school education and training must necessarily be substantially equivalent to PA training, such that he is more than qualified to be a PA. Rather, SED noted that PAs are a separate and distinct profession from physicians, based on a different practice model, and their training should concentrate on that practice model. Although the Commissioner "may accept evidence of an extensive health[-]oriented education and of appropriate experience and training" in lieu of an approved PA training program (8 NYCRR 60.8 [b] [3]), she is not required to do so. Thus, respondents did not act arbitrarily or capriciously in determining that petitioner's medical school education and training was not equivalent to a PA program such that he did not satisfy the education requirement of Education Law § 6541 (1) (d) (see Matter of Emminger v Education Dept. of State of N.Y., 215 AD2d 951, 951-952 [1995]).
Turning to the examination requirement, to qualify for a PA license, a person must "submit satisfactory evidence" that he or she "has obtained a passing score on an examination acceptable to [SED]" (Education Law § 6541 [1] [e]). A regulation repeats that requirement and provides that "[SED] shall accept passing grades on an examination that adequately assesses entry level skills for the profession of [PA] and does not unreasonably restrict access to the profession" (8 NYCRR 60.8 [c]). Although petitioner is correct that no statute or regulation explicitly requires PA license applicants to pass the PANCE, the record contains a 1992 document in which SED designated the PANCE "as the official credentialing examination for purposes of [PA] registration in New York." Hence, the PANCE is the only examination that has been officially deemed acceptable by SED for PA licensure.
As petitioner did not take the PANCE, to meet his burden he must show that the USMLE "adequately assesses entry level skills for the profession of [PA]" (8 NYCRR 60.8 [c]), or that he was entitled to a waiver based upon having substantially met the examination requirement (see Education Law § 6506 [5]; 8 NYCRR 24.7 [a] [1]).[FN2] SED compared documents concerning the content of the [*4]PANCE and the USMLE and correspondence with the organizations that create each test. As to testing differences between the professions, according to the Federation of State Medical Boards, the USMLE is not written with input from PA content experts and "does not address the collaborative skills required in the practice of [PAs], specifically the [p]hysician/PA relationship from the PA perspective[,] professional and clinical limitations, PA communications and consultations with supervising physicians, and scope of practice for [PAs]," nor does it cover topics specifically related to PA practice such as medical billing and coding. Notably, step 3 of the USMLE is tailored to testing education and skills necessary for independent practice.
The record supports a finding that, despite significant overlap in basic topics tested in the USMLE and the PANCE, the PANCE specifically tests PA-related practice topics. Noting that professional exam questions "must be closely aligned with the specific knowledge and skills needed in the practice of the profession," SED concluded that, "[w]hile many of the broad medical content categories included on the PANCE can be found on the USMLE, the USMLE does not present them within the context of the PA profession and specific PA job tasks" and, additionally, "a portion of the PANCE covers topics related specifically to PA professional practice, which are not covered at all on the USMLE." We cannot conclude that SED acted arbitrarily or capriciously when it determined that the USMLE does not adequately assess the skills necessary for PAs. For the same reasons, the denial of a waiver was not arbitrary or capricious. Accordingly, upon review of both the educational and examination requirements challenged by petitioner, we find that Supreme Court properly dismissed the petition.
Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Supreme Court did not consider evidence regarding a pilot program in the 1990s as that program was not mentioned in SED's determination (see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758 [1991]). We similarly will not consider that evidence.

Footnote 2: Petitioner contends that he did not need a waiver because his passing grades on the USMLE satisfied the examination requirement. As noted above, though SED informed him that he could submit a response to correct any factual errors before the waiver decision was finalized, petitioner did not take advantage of that opportunity.