Matter of Only Props. LLC v New York City Dept. of Bldgs. (2022 NY Slip Op 07162)

Matter of Only Props. LLC v New York City Dept. of Bldgs.

2022 NY Slip Op 07162

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Renwick, J.P., Shulman, Rodriguez, Higgitt, JJ. 

Index No. 159184/20 Appeal No. 16899 Case No. 2022-02758 

[*1]In the Matter of Only Properties LLC, Petitioner-Appellant,
v
The New York City Department of Buildings et al., Respondents-Respondents,

Peluso Touger LLP, New York (Nicole Waknine of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Debra James, J.), entered February 7, 2022, denying the petition to vacate a determination of respondent New York City Office of Administrative Trials and Hearings (OATH), dated September 10, 2020, which reinstated the charge of occupancy contrary to a certificate of occupancy, in violation of Administrative Code of City of NY § 28-118.3.2, and imposed a civil penalty of $500, and dismissing the proceeding brought pursuant to CPLR article 78 as moot, unanimously affirmed, without costs.
The court properly denied the petition and dismissed the article 78 proceeding as moot, in light of respondent New York City Department of Buildings' (DOB) withdrawal of prosecution of the summons, and OATH's issuance of a superseding decision dismissing the administrative proceeding, during the pendency of the article 78 proceeding (see Matter of Santiago v Berlin, 111 AD3d 487, 487 [1st Dept 2013]; Matter of Callwood v Cabrera, 49 AD3d 394, 394 [1st Dept 2008]). We reject petitioner's contention that OATH did not have the authority to unilaterally dismiss the summons after a final determination by its Appeals Unit and commencement of this article 78 proceeding (see 48 RCNY 6-08[e]). The fact that the DOB reserved the right to issue a new violation in the future, the likelihood of which is unclear, is insufficient to support petitioner's argument against mootness (see Encore Coll. Bookstores, Inc. v City Univ. of N.Y., 75 AD3d 442, 443 [1st Dept 2010]; Matter of Clifford v First Am. Corp., 240 AD2d 335, 335 [1st Dept 1997]). Petitioner has not demonstrated any enduring negative consequences from the issuance of the summons such that this matter remains ripe for judicial review (cf. Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 576 [2014]; Matter of Williams v Cornelius, 76 NY2d 542, 546-547 [1990]). Finally, the exception to the mootness doctrine does not apply, as petitioner failed to show that this matter involves a "phenomenon typically evading review" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; see also Matter of Metropolitan Steel Indus., Inc. v Dormitory Auth. State of N.Y., 72 AD3d 495, 495-496 [1st Dept 2010]). Its contention that respondents engaged in a "practice" of withdrawing
summonses after commencement of article 78 proceedings in order to evade judicial review, only to later reissue violations, is unsupported and speculative.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022