Matter of Robins v New York City Off. of Chief Med. Examiner (2023 NY Slip Op 00286)

Matter of Robins v New York City Off. of Chief Med. Examiner

2023 NY Slip Op 00286

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kapnick, J.P., González, Mendez, Shulman, Higgitt, JJ. 

Index No. 151399/20 Appeal No. 17175 Case No. 2022-01845 

[*1]In the Matter of Howard Robins DPM, Petitioner-Appellant,
v
New York City Office of Chief Medical Examiner et al., Respondents-Respondents.

Jacques G. Simon, P.C., Garden City (Jacques G. Simon of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lauren L. O'Brien of counsel), for respondents.

Order and judgment (one paper) of the Supreme Court, New York County (Melissa A. Crane, J.), entered April 8, 2022, which, to the extent appealed from as limited by the briefs, denied the petition to annul the July 20, 2020 determination of respondents (OCME) finding that the cause of death of petitioner's patient was homicide due to extreme medical negligence, and dismissed this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
We agree with Supreme Court that the determination was not arbitrary and capricious (CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 0f Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). There is evidence in the record showing that petitioner admittedly injected the decedent intravenously with ozone gas, the decedent suffered cardiac arrest within 15 minutes, the initial autopsy results were inconclusive as to the manner and cause of death and pending further investigation, petitioner initially provided incomplete medical records with no entry for the treatment administered the day of the decedent's death. Moreover, the medical examiner extracted tissues from the decedent and later conducted microscopic reviews of slides created from those tissues. The medical examiner also observed gas emboli and concluded, based on their existence in both small and large blood vessels, that they were attributable to the injection of ozone.
Contrary to petitioner's contention, Supreme Court appropriately considered and relied on the medical examiner's affirmation. "Where there was no administrative hearing, the agency may submit an employee's or official's affidavit to explain the information that was before the agency and the rationale for its decision, and courts may consider such an affidavit even though it was not submitted during the administrative process" (Matter of Hammonds v New York State Educ. Dept., 206 AD3d 1334, 1334-1335 [3d Dept 2022]). In her affirmation, "the medical examiner set forth a reasonable basis for [her] determination in an area where administrative judgment involves specialized medical and scientific expertise" (Matter of Infante v Dignan, 12 NY3d 336, 341 [2009]).
Petitioner's contention that the certificate of death was manipulated or falsified because the date stamp of the medical examiner's signature retained the original date after amendments and modifications is conclusory and speculative (see Matter of Only Props. LLC v New York City Dept. of Bldgs., - AD3d -, 2022 NY Slip Op 07162 [1st Dept 2022]). The date reflects the "date that the certificate was accepted for filing by the Department" of Health and Mental Hygiene (24 RCNY [NYC Health Code] § 205.09[b]).
Nor does petitioner demonstrate that OCME's determination was arbitrary and capricious or made in violation of lawful procedure due to the length of time taken to finalize the autopsy report[*2](CPLR 7803[3]). He fails to identify any provision limiting the time that OCME may take to finalize an autopsy report, whereas OCME was required by law to "fully investigate the essential facts concerning the circumstances of the death" (Administrative Code of City of NY § 17-202[a]). Moreover, the certificate of death, issued five days after the decedent's demise, was required to be amended after "receipt of any autopsy results or other information that would change the information in the cause of death section of the certificate" (24 RCNY [NYC Health Code] § 205.03[g]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023